## (November 18, 1959)

In the Matter of the Claim of SALLY E. AMO, Respondent, against EMPSALL-CLARK CO. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and carrier from award to claimant; dis-

charging the Special Fund under subdivision 8 of section 15 from responsibility and directing the withdrawal of the lien of the carrier. The claimant suffered injuries in an automobile accident on October 9, 1948 and subsequently on May 20, 1949, while working at her employer's store, fell down stairs sustaining, among others, " back injuries which resulted in a herniated intervertebral disc necessitating an operation ". For the injuries attributable to the automobile accident she started an action in the Supreme Court and in September, 1951, received a verdict from the jury in the amount of $20,000. In accordance with instructions from the trial court, the money damages were divided, resulting in $10,000 for the injuries received in the automobile accident and $10,000 for the injuries in the fall downstairs accident and for which compensation is claimed herein. The case was sent to the jury as to damages apparently on the theory, as a question of fact, that the injuries from the fall down accident were consequential to the automobile accident. The judgment was partly satisfied to the extent of $5,744 and after the payment of attorney and court costs, there remained $2,872. The sum of $1,000 was paid to the claimant, the balance of $1,872 was deposited with the St. Lawrence County Clerk, in escrow, subject to a determination of the lien of the carrier. As to the happening of the accident with which we are here concerned, claimant could not tell what caused her to fall. She had suffered from fainting spells periodically since the automobile accident. A coemployee, who went to her assistance, testified she observed a pencil on the stairway in the vicinity of where claimant fell. The carrier contends the fall was idiopathic. Such issue has been previously determined by this court in *Matter of Dickerson* v. *Essex County* (2 A D 2d 516), where at page 521 the court said: " Even though the decedent's slipping on the stairs was due to an earlier injury sustained in the employ of a former employer, the employer in whose employ the consequential accident occurred may be held liable under the Workmen's Compensation Law, along with the former employer. Even if the fall were treated as an idiopathic one from the standpoint of the current employer, the conditions of employment obviously contributed to the hazards of the fall and the employer could therefore be held liable for compensation (*Matter of Connelly* v. *Samaritan Hosp.*, 259 N. Y. 137)." In the present situation, as part of her employment claimant had to go downstairs and it was a condition of her employment. We find no merit to carrier's contention that the facts here come within the purview of subdivision 8 of section 15. A period of approximately six months elapsed between the two accidents, during which time after claimant returned to work the only condition complained of was occasional dizzy spells, of which the employer had knowledge, but certainly this record fails to disclose any evidence that such condition was " permanent ". The circumstances herein cannot be said to place the employer on notice that his employee suffered from " permanent physical impairment " within the contemplation of the statute, the intent of which is primarily to encourage the hiring of handicapped persons. We next consider the question of a third-party action (§ 29) and the filing of a lien and subsequent deposit of part of the proceeds of the recovery. The primary purpose of the section here considered is to prevent double recovery to the detriment of the one who has already made payment and for which a recovery is sought. This court as of recent date in *Matter of Meachem* v. *New York Cent. R. R. Co.* (7 A D 2d 253) discussed aspects of section 29 and stated at pages 256–257: " The determinate question presented is whether section 29 of the Workmen's Compensation Law was intended to embrace a third-party action based upon an accident not contemporaneous with an industrial accident where there is some ground for belief that death or disability

was caused by a combination of both accidents. A consideration of the purpose of the section leads to the conclusion that under such circumstances it should be so interpreted. Nothing in its wording bars such a reasonable construction." In that case the problem concerned a third-party settlement without the required consent rather than a trial but the same fundamental theory of double recovery is involved, particularly so, when in the civil action the jury was instructed and returned separate money verdicts for each injury. If the judgment had been paid in full, even considering the theory of damages as submitted by the court in the negligence action, we would hesitate to say that the claimant was entitled to compensation without offsetting the amount recovered in the compensable accident. We accordingly hold that section 29 is applicable to the present facts insofar as it applied to the $10,000 awarded by the jury for the fall down accident. As to the $2,872 it should be equally apportioned between the amounts awarded by the jury for each accident thus — $1,436 — will be applied to the award in the compensation case. As to the lien, now on file, any payment thereon must be determined by the board. Decision and award of the Workmen's Compensation Board reversed and the matter remitted for findings not inconsistent with this memorandum, and, without costs. Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ., concur.