COMMISSIONERS OF THE STATE INSURANCE FUND, Plaintiffs, *v.* MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Defendant. (ROOSEVELT HAYNES)

COMMISSIONERS OF THE STATE INSURANCE FUND, Plaintiffs, *v.* MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Defendant. (GOODWIN FRANKLIN)

COMMISSIONERS OF THE STATE INSURANCE FUND, Plaintiffs, *v.* MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Defendant. (JUAN BERRIOS)

First Department, November 1, 1966.

*Leonard M. Schnitzer* of counsel (*Arnold M. Herzog* with him on the brief; *Joseph M. Soviero,* attorney), for plaintiffs.

*Patrick J. Hughes* of counsel (*Watters & Donovan,* attorneys), for defendant.

*Per Curiam.* The Commissioners of the State Insurance Fund bring these three actions against Motor Vehicle Accident Indem-

nification Corporation. The actions appear here in the first instance on an agreed statement of facts. All of them invoke the question of whether payments made by defendant to certain claimants are subject to liens pursuant to the Workmen's Compensation Law.

Each of the claimants is a "qualified person," as distinct from an insured, as defined in article 17-A of the Insurance Law. The differences between the three cases rest solely in the fact that the respective claimants established their claims under different sections of the Insurance Law. Both parties agree that these differences do not amount to distinctions.

The standard policy provision which reduces the liability of MVAIC to an insured (*Matter of Durant* [*MVAIC*], 15 N Y 2d 408) by the amount of any outstanding lien for compensation payments has no application to a qualified person and hence no application to the rights of the parties in this suit. The claim of a qualified person as far as the MVAIC's liability is concerned is not affected by the policy provision and the latter would be liable to such a claimant for the full amount of his damage within statutory limits. It is in this context that the plaintiffs claim that the lien (Workmen's Compensation Law, § 29, subd. 1) applies.

Defendant's resistance is based on the contention that the lien applies only to recovery against tort-feasors, and it is not a tort-feasor. The section is not so limited. It speaks of the injured workman pursuing his remedy against the wrongdoer, but what is obviously meant is any remedy to obtain satisfaction of his damage. For instance, where the facts allow suit directly against an insurer of the wrongdoer, it would hardly be claimed that the lien would not attach to the judgment so obtained. Whether MVAIC is or is not an insurer for the otherwise uninsured motorist is not the test. The significant fact is that it is a body against whom the injured person has a remedy for the consequences of his injury, and the plain intent of the compensation law is that the lien shall apply to the proceeds of that recovery.

Costs and disbursements should be awarded to plaintiffs.

Submit judgments in favor of plaintiffs accordingly.

RABIN J. P., STEVENS, STEUER, CAPOZZOLI and BASTOW, JJ., concur.

Judgments in favor of plaintiffs, with $50 costs and disbursements to plaintiffs. Settle order on notice.