26 N.Y.2d 6 (1970)
In the Matter of the Claim of Mary Ryan, Appellant,
v.
General Electric Company et al., Respondents. Workmen's Compensation Board, Respondent.
Court of Appeals of the State of New York.
Argued December 1, 1969.
Decided January 8, 1970.
James N. Cahill for appellant.
Warner M. Bouck and Francis J. Holloway for respondents.
Chief Judge FULD and Judges BURKE, SCILEPPI, BERGAN and JASEN concur; Judge GIBSON taking no part.
*8 BREITEL, J.
The issue is whether, to the extent of compensation awarded, a workmen's compensation insurance carrier has a lien on payments made to dependents by the United States Government for death caused by "noncombat" activities, that is, certain military exercises, by United States armed forces.
Claimant, Mary Ryan, as a surviving widow, appeals from a determination that respondent carrier Electric Mutual Liability *9 Insurance Company has a lien, pursuant to section 29 of the Workmen's Compensation Law, on the proceeds of a settlement received under the Military Claims Act (U. S. Code, tit. 10, § 2733). The Workmen's Compensation Board, in reversing the referee, held that the settlement and award were a "recovery" covered by section 29 and not a collateral source payment. The Appellate Division, by a divided court, affirmed the decision of the board.
Claimant widow contends that the payments received from the United States Government under the Military Claims Act were a gratutity and not a settlement for tort. Thus she contends that the payments are not a "recovery" for "negligence or wrong" which would be subject to a lien under section 29.
It is concluded that the payments were in the nature of a recovery for negligence or wrong, although not necessarily in settlement of a judicially cognizable cause of action. Hence, the lien was properly imposed.
Claimant's husband, an airplane pilot employed by the General Electric Company, was killed in October, 1962 when his employer's airplane was struck by a Navy jet airplane which had been towing a practice target. The Navy jet had reported difficulty in reeling in its target and was in a steep dive when it hit the airplane piloted by claimant's husband. There were no survivors of this collision.
Workmen's compensation death benefits to the widow and children paid by the carrier totaled $6,083. Subsequent to the award, claimant entered into administrative negotiations with the Department of the Navy under the Military Claims Act. On January 7, 1964, she received $5,000 and six months later received an additional $120,000 award by special act of the United States Congress.
The carrier asserts a lien under section 29 of the Workmen's Compensation Law on these Military Claims Act payments covering the benefits already paid by the carrier and any future compensation which may be awarded. Subdivision 1 of section 29 of the Workmen's Compensation Law provides that if the dependents elect to pursue their remedies against a third party, the insurance carrier liable for payment of workmen's compensation benefits shall have, to the extent of compensation *10 awarded, a lien on the proceeds of any recovery whether by judgment, settlement or otherwise.[*]
The Military Claims Act provides for the administrative settlement of claims up to $5,000 for property damage, injuries or death arising from the "noncombat" activities of members of the armed services acting within the scope of their employment (U. S. Code, tit. 10, § 2733, subd. [a]). Where a meritorious claim is in excess of $5,000, as in this case, the Secretary of a Military Department may pay the claimant $5,000 and report the excess to Congress for its consideration (id., § 2733, subd. [d]). This occurred here. To the extent, however, that a claim caused by a negligent act or omission may be administratively settled under the Federal Tort Claims Act (U. S. Code, tit. 28, § 2672) the Military Claims Act is inapplicable (U. S. Code, tit. 10, § 2733, subd. [b], par. [2]).
The question whether payment under the Military Claims Act constitutes a recovery contemplated by section 29 of the Workmen's Compensation Law is novel.
In an analogous case, Matter of Schneider v. Archie Baxter's Flying Service (266 App. Div. 1037, mot. for lv. to app. den., 292 N.Y. 726), the Third Department had held that payments under a special Congressional enactment did not constitute *11 a recovery under section 29 where the recipient of the award had no legally enforceable claim against the Government. Neither the Military Claims nor Tort Claims Act had been enacted at that time.
The Appellate Division in the instant case split three ways. The majority (per HERLIHY, J.) reasoned that the circumstances of the accident suggested the possibility of recovery under the Federal Tort Claims Act, so that the Military Claims Act settlement could be considered as the settlement of a "tort" claim. In determining the applicability of section 29 it treated the motive of the United States in settling the claim as a factual matter, finding it did so to avoid an action under the Federal Tort Claims Act. Mr. Presiding Justice GIBSON, as he then was, concurred on the theory that although negligence could not be inferred from the facts, section 29 should be broadly construed to cover this case. He suggested that section 29 be extended to a recovery not purely in tort. Mr. Justice GABRIELLI, relying on the Schneider case (supra), dissented on the theory that there was no legally enforceable claim.
The Navy Regulations governing awards under the Military Claims Act make clear that awards for death or injury arising out of certain "noncombat" activities, of which operation of an aircraft is one, are not conditioned on a showing of negligence (Code of Fed. Reg., tit. 32, §§ 750.18-750.21; to similar effect for the Army and Air Force see §§ 536.14, 842.42). Interestingly, however, the claimant must be free of contributory negligence (U. S. Code, tit. 10, § 2733, subd. [b], par. [4]). And, it is also clear that a claimant may without regard to negligence, choose to process his claim through the Military Claims Act, or seek a tort recovery under the Federal Tort Claims Act on the ground of negligent conduct (see United States v. Gaidys, 194 F.2d 762, 764).
It is not fruitful, however, to speculate in cases where the Military Claims Act award rather than a Federal Tort Claims Act recovery is obtained, whether the award is factually, or as a matter of law, a recovery in settlement of a tort action. The "noncombat" activities listed, for which no negligence need be shown, are of the sort which although having little parallel in civilian pursuits would, if conducted by private persons, most likely result in liability without any necessity *12 for showing negligence because they involve inherently dangerous activities, e.g. maneuvers and special exercises; practice bombing; naval exhibitions; operation of missiles, aircraft and antiaircraft equipment (Code of Fed. Reg., tit. 32, § 750.21). Army and Air Force Regulations, also list similar activities (Code of Fed. Reg., tit. 32, § 536.14, subd. [e]; § 842.42, subd. [a]).
To this extent, the administrative payments and subsequent deficiency appropriation bills represent recoveries for wrongs. This is so even if it is unclear whether a claimant might have an action at law, under common-law principles. Indeed, the Military Claims Act provides that, except for Congressional consideration of the part of a claim over $5,000, the amount tendered must be accepted by the claimant in full satisfaction (§ 2733, subd. [e]). The requirement of "full satisfaction" looks to possible liability and is not consonant with the idea of gratuitousness of the payment.
Viewed in this context, the Military Claims Act serves as a substitute for a tort recovery, without reference to negligence or proof of wrong beyond causation. As a matter of policy, section 29 should be broadly read to cover a Federally authorized substitute for any possible tort recovery. In Matter of Petterson v. Daystrom Corp. (17 N Y 2d 32, 39), this court stated that section 29 is designed "to provide for reimbursement of the compensation carrier whenever a recovery is obtained in tort for the same injury that was a predicate for the payment of compensation benefits." That legislative design is best effected by allowing reimbursement where recovery, although perhaps not falling within classical or categorical torts, nevertheless is based on some kind of wrong if only because the engagement in necessary hazardous activities may or must cause harm to innocent individuals. (In this context, compare the even more liberal provisions for compensating foreign civilians in overseas areas in which the armed forces are based [U. S. Code, tit. 10, § 2734].)
Accordingly, the order of the Appellate Division should be affirmed without costs.
Order affirmed, etc.
NOTES
[*] Section 29 (subd. 1) reads, in pertinent part, as follows: "If an employee entitled to compensation under this chapter be injured or killed by the negligence or wrong of another not in the same employ, such injured employee, or in case of death, his dependents, need not elect whether to take compensation and medical benefits under this chapter or to pursue his remedy against such other but may take such compensation and medical benefits and * * * pursue his remedy against such other subject to the provisions of this chapter. If such injured employee, or in case of death, his dependents, take or intend to take compensation, and medical benefits in the case of an employee, under this chapter and desire to bring action against such other, such action must be commenced not later than six months after the awarding of compensation * * * In such case, the state insurance fund, if compensation be payable therefrom, and otherwise the person, association, corporation or insurance carrier liable for the payment of such compensation, as the case may be, shall have a lien on the proceeds of any recovery from such other, whether by judgment, settlement or otherwise, after the deduction of the reasonable and necessary expenditures, including attorney's fees, incurred in effecting such recovery, to the extent of the total amount of compensation awarded under or provided or estimated by this chapter for such case and the expenses for medical treatment paid or to be paid by it and to such extent such recovery shall be deemed for the benefit of such fund, person, association, corporation or carrier".