In the Matter of the Claim of JUANITA LOPEZ, Respondent, v. CITY OF NEW YORK, Respondent, and SACCO, ROWEN, DOWNES & CASICONE, Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the attorneys for claimant from a decision of the Workmen's Compensation Board, filed April 21, 1972, which denied their claim for legal services. The Referee, at the same hearing at which an award was made covering a six and two-fifths weeks period of disability and at which the case was continued for six months, allowed $35 for attorneys' fees but provided that it was not to be a lien on the award. Juanita Lopez, a dietary aide at New York City's Bellevue Hospital, was injured stepping off one of employer's elevators on July 11, 1971 and was paid her wages from July 12, 1971 to August 25, 1971, the period of disability. Section 24 of the Workmen's Compensation Law provides that claims of attorneys for legal services shall not be enforceable unless approved by the board. Subdivision (d) of section 300.17 of the Rules and Regulations of the Workmen's Compensation Board (12 NYCRR 300.17 [d]) provides that "Whenever an award is made to a claimant who is represented by an attorney or a licensed representative with fee, and a fee is requested, the board in such case shall approve a fee in an amount commensurate with the services rendered and having due regard for the financial status of the claimant. In no case shall the fee be based solely on the amount of the award." Although it has been held that an employer is entitled to reimbursement for advance payments of compensation or payments in like manner as wages and, even where a lien exists for reimbursement, that an attorney's lien takes precedence over a claim for reimbursement (*Matter of Dickman* v. *City of New York*, 25 A D 2d 931, affd. 18 N Y 2d 969), the board's supervisory control over attorneys' fees extends, not only to the size of fees, but to the question of whether a lawyer was necessary in the first place and whether he contributed anything to the case for which he should be paid (3 Larson, Workmen's Compensation Law, § 83.13, p. 354.51). The city did not file a notice of controversy form nor did it controvert the case. Although the attorneys contend that they referred claimant to a Dr. Springer, whom she first saw on August 24, 1971, her employee's claim for compensation dated the day previous indicates that she had received and was receiving medical care. The record reveals that it was permissible for the board to find that the attorneys rendered no services of value to claimant and its determination should not be disturbed as being arbitrary, capricious or unreasonable as a matter of law (cf. *Matter of Walsh* v. *Sucrest Corp.*, 37 A D 2d 321, 323, affd. 31 N Y 2d 751; *Matter of Baranowski* v. *Endicott Johnson Corp.*, 28 A D 2d 780). Decision affirmed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Reynolds, JJ., concur.