In the Matter of the Claim of Susan P. McDowell, Respondent, v Corbin La Voy, Doing Business as Empire Boring Co., et al., Appellants. Workers' Compensation Board, Respondent.

Third Department, July 27, 1978

---

## APPEARANCES OF COUNSEL

*Thomas J. Walsh* for Corbin La Voy, appellant.

*Ainsworth, Sullivan, Tracy & Knauf (John E. Knauf* of counsel), for County Excavation, Inc., and another, appellants.

*Walworth, Harding, Welt & Stockton (Robert S. Stockton* of counsel), for Turf Construction Co. and another, appellants.

*Garry, Cahill, Edmunds & Breslin* for Susan P. McDowell, respondent.

*Louis J. Lefkowitz, Attorney-General (Henriette Frieder* and *Daniel Polansky* of counsel), for Workers' Compensation Board, respondent.

## OPINION OF THE COURT

MAIN, J.

Following the death of her husband on a job site in November of 1971, the claimant widow herein made application for compensation benefits and also retained an attorney to prosecute a wrongful death action on her behalf. When the attorney failed to commence a timely death action, the widow sued him for malpractice and eventually obtained a settlement in the amount of $75,000 without the consent of any of the alleged employers or their respective carriers in the compensation claim. Thereafter, a compensation Referee disallowed the subject claim upon concluding that, pursuant to section 29 of the Workers' Compensation Law, the malpractice settlement could be properly effected only with the consent of the compensation carriers, but the board reversed this determination. In its decision the board found that the settlement was a recovery in a malpractice action and "not an action against a third party responsible for the injury suffered by decedent". Accordingly, it held that the consent of the compensation carriers was not required by the statute and restored the case to the Referee Calendar for further consideration. These appeals followed.

Initially, we would point out that by our decision in *Matter of McDowell v La Voy* (59 AD2d 995) we have previously ruled that, under the peculiar facts and circumstances presented here, the instant appeals are not premature, but rather present a threshold legal issue which should be resolved at this time, i.e., whether the widow's malpractice settlement constituted a third-party settlement within the meaning of section 29 of the Workers' Compensation Law so as to bar payment of compensation benefits to her.

Such being the case, we turn immediately to the merits of the appeals and hold that the board's decision cannot be sustained. In so holding, we are, of course, overruling this court's decision in *Matter of Cresci v Krasilousky Trucking Co.* (5 AD2d 569, mot for lv to app den 4 NY2d 677). While the reasoning in *Cresci (supra)* was persuasive at the time, it seems to us to have been eroded by more recent developments in the law. It is the legislative intent in enacting a statute which is controlling, and, in this instance, the Legislature clearly intended that a decedent's survivors not recover "full compensation benefits undiminished by the amount of a recovery at law" *(Matter of Petterson v Daystrom Corp.,* 17 NY2d

32, 39). The basis of liability here was the wrongful death of claimant's husband, and therefore, section 29 should be applicable to the $75,000 settlement of the related malpractice suit against the attorney for which, practically speaking, the measure of damages was the same as in the death action, just as it should apply to "any remedy to obtain satisfaction of [claimant's] damage" *(Commissioners of State Ins. Fund v Motor Vehicle Acc. Ind. Corp.,* 26 AD2d 325, 326, affd 21 NY2d 918). In effect, the settlement was a substitute for the usual third-party recovery against a negligent tort-feasor or wrongdoer and, as such, it should not have been made without the consent of the allegedly liable compensation carriers *(Matter of Ryan v General Elec. Co.,* 26 NY2d 6). Since the carriers' consent was neither sought nor obtained, however, claimant must consequently be denied compensation benefits in accordance with section 29.

Such a result fulfills the primary purpose of the statute by denying claimant a double recovery (see *Matter of Amo v Empsall-Clark Co.,* 9 AD2d 852).

The decision should be reversed, without costs, and the matter remitted to the board for further proceedings not inconsistent herewith.

MAHONEY, P. J. (dissenting.) I dissent and vote to affirm the decision of the Workers' Compensation Board that determined that claimant's malpractice action against her former attorney was not a third-party action within the meaning of section 29 of the Workers' Compensation Law.

Notwithstanding the majority's statement to the contrary, I am not aware of any "recent developments in the law" that have eroded the cogent reasoning set forth in this court's opinion in *Matter of Cresci v Krasilousky Trucking Co.* (5 AD2d 569, mot for lv to app den 4 NY2d 677) to the effect that legal malpractice is not an injury within the narrow definition of the statute (Workers' Compensation Law, § 2, subd 7). Each of the Court of Appeals decisions *(Matter of Ryan v General Elec. Co.,* 26 NY2d 6; *Matter of Petterson v Daystrom Corp.,* 17 NY2d 32, 39; *Commissioners of State Ins. Fund v Motor Vehicle Acc. Ind. Corp.,* 26 AD2d 325, 326, affd 21 NY2d 918) cited by the majority is distinguishable and, on the facts herein, inapposite.

In *Petterson (supra),* while the court refused to accord a

literal interpretation to the language of section 29 that seems to credit proceeds of third-party actions against a carrier's lien only when the employee recovers for injuries caused by "another not in the same employ", and permitted such credit against proceeds of a third-party action against a fellow employee,* it, nevertheless, found a clear legislative intent and design to provide for reimbursement of the compensation carrier only when a recovery is obtained in tort *for the same injury that was a predicate for the payment of compensation benefits.*

*Commissioners of State Ins. Fund (supra)* certainly is unrepresentative of a departure from the long line of cases holding that a carrier's lien attaches to any judgment against a third-party wrongdoer or his insurer. Where, as in *Commissioners (supra),* the injured person has a remedy against the tortfeasor, we need not decide if MVAIC is an insurer, it only being necessary to conclude that MVAIC is statutorily required to make payments to qualified claimants injured by an uninsured motorist (Insurance Law, art 17-A).

Similarly, *Ryan (supra),* while presenting a novel issue, is in harmony with the consistent judicial construction of section 29 that permits the carrier of the injured or deceased employee to reach proceeds that have a discrete nexus with the injury that triggered the compensation payments. In *Ryan* claimant's husband, a civilian airplane pilot in the employ of General Electric, was killed when his employer's plane was struck by a Navy jet airplane. Federal administrative payments were held to be within the reach of the compensation carrier on the ground that the Military Claims Act serves as a substitute for tort recovery. However, Judge BREITEL, now Chief Judge, citing *Matter of Petterson v Daystrom (supra,* p 39), again reiterated that section 29 is designed "to provide for reimbursement of the compensation carrier whenever a recovery is obtained in tort *for the same injury that was a predicate for the payment of compensation benefits."* (Emphasis added.)

In sum, neither *Petterson, Commissioners of State Ins. Fund* nor *Ryan* is at variance with the legislative intendment that a claimant not recover full compensation benefits undiminished by the amount of a recovery at law *provided* the third-party

---

* Such action permitted under law of Connecticut.

recovery is against the wrongdoer, or his representative, that caused the predicate injury.

That a nexus obtain between the source of payment for a third-party claim and the triggering wrongful act is demonstrated in *Matter of Parchefsky* (267 NY 410) and *Matter of Meachem v New York Cent. R. R. Co.* (8 NY2d 293). *Parchefsky* applied the old rule that one who wrongfully injures another is liable for the malpractice of a physician who treats the injury since it is all part of an unbroken sequence (p 298), in holding that a medical malpractice action is a third-party action within the meaning of section 29. In *Meachem* the decedent died as a result of an automobile accident that occurred subsequent to his being injured in the course of his employment. The widow settled the wrongful death action without the consent of the carrier and the Court of Appeals held the settlement was outside the reach of the carrier's lien. Such is the case herein.

Here, there was no recovery on claimant's third-party action against the wrongdoer who caused claimant's husband's death. The Statute of Limitations has run on that action. It is gone. The predicate event that brought benefits into being is no longer viable in the sense that it can generate proceeds subject to lien. The lawyer's wrongful act is a separate, discrete tort not insured against by the compensation carrier. It was a negligent omission that deprived the claimant of her right to seek damages against the original tort-feasor. The injury that it wrought could not have been within the contemplation of the contracting parties nor within the ambit of the legislative intent in amending section 29 so as to permit insurer reimbursement and credit against proceeds of third-party actions. In sum, the legal malpractice did not create an "injury" within the purview of the statute *(Matter of Cresci v Krasilousky Trucking Co., supra)*. Both former Chief Judges DESMOND in *Meachem* and FULD in *Petterson,* while recognizing the legislative intent of permitting compensation carriers to lien third-party action proceeds, recognized that on those rare occasions when unique factual patterns result in what appear to be "double recoveries", such recoveries are not to be condemned in the absence, as here, of any legal bar to that result *(Matter of Meachem v New York Cent. R. R. Co., supra,* p 298).

The decision should be affirmed.

GREENBLOTT, SWEENEY and LARKIN, JJ., concur with MAIN,

J.; MAHONEY, P. J., dissents and votes to affirm in a separate opinion.

Decision reversed, without costs, and matter remitted to the board for further proceedings not inconsistent herewith.