◼ In the Matter of the Claim of SUSAN P. McDOWELL, Appellant, v CORBIN LA VOY, Doing Business as EMPIRE BORING Co., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed June 13, 1980, which disallowed an award of attorney's fees. In March, 1972, claimant filed for death benefits pursuant to section 16 of the Workers' Compensation Law. The claim was controverted. Claimant engaged an attorney to bring an action for wrongful death. He failed to timely sue and claimant thereafter recovered the sum of $75,000 in a malpractice action against the attorney. This case was settled without the carrier's consent. It was subsequently determined that claimant was foreclosed from receiving any benefits under the Workers' Compensation Law *(Matter of McDowell v La Voy,* 63 AD2d 358, affd 47 NY2d 747). Thereafter, a hearing was held to determine whether any moneys were due the special funds established by subdivision 9 of section 15 and subdivision 2 of section 26-a of the Workers' Compensation Law. The insurance carriers withdrew their controversies and an award was made by the referee of $2,500 to be paid to the special funds. The referee also awarded claimant's attorney a fee of $1,000 as a lien on the moneys to be paid into the special funds. The board rescinded the award of attorney's fees as a lien on the award. This appeal ensued. There must be an affirmance. Reliance on *Matter of De Stefano v Meerbaum* (272 App Div 981) and the subsequent amendment to section 24 of the Workers' Compensation Law is misplaced. Unlike the situation in *De Stefano,* claimant's attorney here failed to establish the widow's entitlement to death benefits. It is for the board to determine whether an attorney has contributed anything to the case

for which he should be paid, and its resolution of this issue will not be disturbed unless arbitrary, capricious or unreasonable as a matter of law *(Matter of Lopez v City of New York,* 42 AD2d 654). We find no such grounds on which to disturb the board's decision in the present case and, therefore, it should be affirmed. Decision affirmed, with costs to the Workers' Compensation Board. Sweeney, J. P., Kane, Mikoll and Yesawich, Jr., JJ., concur.