■ In the Matter of the Claim of RAYMOND DENUE, Respondent, v NATIVE TEXTILES et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Mahoney, P. J. Appeal from a decision of the Workers' Compensation Board, filed July 25, 1984.

Claimant was employed by Native Textiles when, on July 31, 1974, he experienced sharp pain in his right shoulder while lifting a piece of machinery. He immediately alerted his supervisor and sought medical treatment. Eventually, he went to a hospital and X rays were taken, which revealed what appeared to be a lytic lesion in the cervical spine. Doctors, suspecting malignancy, decided to perform an arteriogram. During this procedure, claimant's brachial artery was lacerated, requiring immediate corrective surgery. Eventually, through exploratory surgery, it was determined that there was no lytic lesion. The surgeon did find nerve root irritation and compression. Surgical procedures alleviated the problem, though claimant still experiences persistent numbness in his right hand and forearm.

This workers' compensation case was initiated on August 7, 1974 when the employer filed a report of injury with the Workers' Compensation Board. During the pendency of this proceeding, claimant commenced a medical malpractice action against the surgeon who lacerated his brachial artery. This action was subsequently settled for $6,000. The employer's insurance carrier moved to close the workers' compensation case on the ground that claimant had settled the malpractice action without its consent. The Board ultimately denied the motion and this appeal by the employer and carrier ensued.

Workers' Compensation Law § 29 provides that a carrier has a lien on the proceeds of a related third-party action, and also that the consent of the carrier is required for any compromise or settlement of such an action. A settlement without the carrier's consent will bar the claimant from receiving compensation benefits *(Matter of McDowell v La Voy,* 63 AD2d 358, *affd on opn below* 47 NY2d 747). Further, the Workers'. Compensation Law has incorporated the common-law rule that one who causes injury to another is liable for the malpractice of a physician who treats the injury when it is all part of a single sequence of events *(Matter of Parchefsky v Kroll Bros.,* 267 NY 410).

In this case, the employer and carrier contend that the malpractice action was causally related to the work-caused injury such that consent was required prior to settlement. The Board, however, found that the malpractice in damaging claimant's brachial artery was related solely to the investigation for malignancy and was apart from the work-related pain in claimant's shoulder. The surgeon who repaired claimant's brachial artery testified that the arteriogram was concerned solely with the suspected cancer and had nothing to do with claimant's work-related injury. This testimony supports the Board's conclusion that the malpractice action was independent of the injury such that the settlement of that action without the carrier's consent did not bar the compensation claim. The fact that the carrier presented conflicting medical testimony simply presented a matter of credibility for the Board to resolve *(see, Matter of Rothstein v Consolidated Elec. Constr. Co.,* 84 AD2d 594).

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Main, Casey and Levine, JJ., concur.