■ In the Matter of THERESA M. C., Respondent, v UTILITIES MUTUAL INSURANCE COMPANY, Appellant. [616 NYS2d 383] —In a proceeding, *inter alia,* to obtain judicial approval of a settlement of a third-party action and to apportion the responsibility of the respective parties for legal fees incurred in settling the third-party action, Utilities Mutual Insurance Company appeals from so much of an order of the Surrogate's Court, Nassau County (Radigan, S.), dated May 8, 1992, as extin-

guished its Workers' Compensation lien and directed it to pay to the petitioner the sum of $74,700, representing legal fees incurred in settling the third-party action.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Surrogate's Court, Nassau County, for further proceedings in accordance herewith.

The decedent Frederic C. died on June 30, 1987, in the course of his employment. The petitioner widow, as administratrix of the decedent's estate, obtained a decision from the Workers' Compensation Board awarding her weekly benefits of $165 and weekly benefits of $135 payable to the decedent's infant daughter (hereinafter collectively the dependents). The estate retained an attorney to prosecute a wrongful death action against other alleged tortfeasors, but the attorney failed to commence an action before the applicable Statute of Limitations expired. Thereafter, a legal malpractice action was commenced against the defaulting attorney which resulted in a proposed settlement of $450,000, one-third of which was to be paid to the counsel representing the estate in the malpractice action.

This legal malpractice recovery obtained as a result of the first attorney's failure to timely commence a wrongful death action constitutes a third-party recovery within the meaning of Workers' Compensation Law § 29 (see, Matter of McDowell v La Voy, 63 AD2d 358, affd 47 NY2d 747). As such, the appellant insurance carrier is granted a lien on the third-party action recovery to the extent of the total compensation awarded (Workers' Compensation Law § 29 [1]). Moreover, when a third-party recovery is obtained, the carrier is obligated only to satisfy the deficiency between the amount actually collected and the compensation provided under the Workers' Compensation Law (see, Workers' Compensation Law § 29 [4]). If no deficiency exists, the carrier must pay an equitable share of legal expenses incurred in obtaining the recovery (see, Matter of Kelly v State Ins. Fund, 60 NY2d 131). However, whether there is a deficiency or what proportionate benefit has been reaped by the carrier can only be ascertained by comparison of the third-party action recovery with the total amount of past Workers' Compensation benefits paid and the present value of the estimated future Workers' Compensation benefits payable to the dependents.

At issue on this appeal is whether the Surrogate properly determined that there was a deficiency in the third-party

action recovery as compared to the total compensation available to the dependents pursuant to the Workers' Compensation Law. The Surrogate found a deficiency by comparing the net amount of the third-party recovery actually collected (i.e. $300,000 after payment of legal fees) to the dependents' total estimated future Workers' Compensation payments of $503,400. However, contrary to the Surrogate's own initial conclusion in his decision dated January 21, 1992 (with which the parties agreed), that "the total amount of these estimated future [Workers' Compensation] payments, *when discounted to their present value*, represents the benefit received by the carrier" (emphasis added), the order on appeal does not reduce the total of future benefits to their present value. This was error.

Workers' Compensation Law § 27 provides, in delineated cases, for the deposit of future benefits payments into an aggregate trust fund. Subdivisions (2) and (3) thereof expressly direct that in those cases the Workers' Compensation Board "compute and permit or require to be paid into the aggregate trust fund an amount *equal to the present value* of all unpaid death benefits or unpaid compensation" (emphasis added). Indeed, as former Chief Judge Cooke unambiguously held in *Matter of Kelly v State Ins. Fund:* "[I]t was proper for the Surrogate's Court to have assessed the * * * carrier's equitable share of [the costs of litigation] as a percentage of the total of the amount of past benefits paid (which the carrier will recoup by enforcing its lien in that amount on the recovery) and *the present value of estimated future benefits* to claimant (which the carrier will not have to pay because of claimant's recovery)" (60 NY2d, *supra,* at 135; emphasis added).

Accordingly, we reverse the order on appeal insofar as appealed from, and remit the matter to the Surrogate for a hearing to determine the present value of the estimated future benefits payable to the dependents. Furthermore, we agree with the appellant's contention that the present value figure should be computed pursuant to the provisions of Workers' Compensation Law § 29 (2) with reference to the remarriage tables of the Royal Dutch Insurance Institution since the death benefit payable to the widow is generally payable during widowhood and terminates upon remarriage *(see,* Workers' Compensation Law § 16 [2]). Balletta, J. P., Miller, Hart and Krausman, JJ., concur.