■ In the Matter of the Claim of ROBERT MURPHY, Respondent, v NEW YORK CITY POLICE DEPARTMENT, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [704 NYS2d 749] —Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed July 28, 1998, which, *inter alia*, denied credit to the self-insured employer for claimant's recovery in a third-party action.

Plaintiff worked as a welder for the self-insured employer for 27 or 28 years during which he was regularly exposed to asbestos and welding fumes. As a result of breathing problems, claimant stopped working in May 1994 and thereafter filed a claim for workers' compensation benefits in which he alleged that he suffered from work-related asbestosis, occupational lung disease and/or chronic lung disease. Claimant also commenced a third-party action against asbestos manufacturers which he settled with the employer's consent. The Workers' Compensation Board thereafter concluded that claimant's disability was causally related to an occupational disease in the nature of chronic irritative bronchitis. Based upon the testimony of the employer's expert that chronic irritative bronchitis can be caused by exposure to welding fumes and not by asbestos, the Board further concluded that the employer was not entitled to any credit for claimant's recovery in the third-party action. The employer appeals from the denial of credit.

Pursuant to Workers' Compensation Law § 29, "compensation and medical payments may be recouped by the compensation carrier [or self-insured employer] 'whenever a recovery is obtained in tort for the same injury that was a predicate for the payment of compensation benefits'" (*Matter of Granger v Urda*, 44 NY2d 91, 96-97, quoting *Matter of Petterson v Daystrom Corp.*, 17 NY2d 32, 39). The statute is designed to shift the burden of paying compensation from the carrier or self-insured employer to the party actually responsible for the injury (*see, Matter of Page v Insulpane, Inc.*, 251 AD2d 767, 768) and prevent an injury victim from receiving a double recovery (*see, Matter of Raponi v Orange & Rockland Utils.*, 221 AD2d 786, 787). Upon finding that claimant was entitled to an award of workers' compensation benefits for chronic bronchitis unrelated to his exposure to asbestos, the Board concluded that the self-insured employer was not entitled to offset future compensation payments against the proceeds of claimant's settlement of his action against asbestos manufac-

turers. Inasmuch as the compensation award was not based on the same injury as the settlement of the third-party action, there is no double recovery and no reason to shift the burden from the self-insured employer to the asbestos manufacturers (*cf.*, *Matter of Denue v Native Textiles*, 128 AD2d 959, 960).

Cardona, P. J., Crew III, Graffeo and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.