■ In the Matter of LILY ATKINSON, Respondent, v CITY OF NEW YORK, Appellant. [705 NYS2d 616] —In a proceeding pursuant to CPLR article 78 in the nature of prohibition to prohibit the City of New York from imposing a Workers' Compensation lien on the award made to the petitioner pursuant to the National Vaccine Injury Compensation Program (42 USC § 300aa-1), the appeal is from an order and judgment (one paper) of the Supreme Court, Queens County (Golia, J.), dated February 5, 1999, which granted the petition and prohibited the enforcement of such lien.

Ordered that the order and judgment is affirmed, with costs.

In *Matter of Shutter v Philips Display Components Co.* (90 NY2d 703, 708) the Court of Appeals interpreted Workers' Compensation Law § 29 (1) and (4), stating, "[t]ogether, these terms indicate that the lien and offset tools [of the Workers' Compensation Law] may be applied only against recoveries from the third-party tortfeasors who are responsible for the claimant's injuries". In this case, the Supreme Court properly concluded that the award made under the National Vaccine Injury Compensation Program did not constitute a recovery against a third-party tortfeasor. Therefore, pursuant to the rule defined in *Matter of Shutter v Philips Display Components Co. (supra),* no Workers' Compensation lien may be imposed. The case *of Matter of Ryan v General Elec. Co.* (26 NY2d 6), relied upon by the appellant, is distinguishable because there the award made pursuant to the Military Claims Act (10 USC

§ 2733) was a recovery against the tortfeasor which was responsible for the claimant's harm.

In light of this conclusion, we need not address the parties' remaining contentions. Bracken, J. P., O'Brien, Sullivan and Luciano, JJ., concur.