OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 
 *810
 
 Petitioner Lily Atkinson received a rubella vaccination as part of her employment as a health care worker for the City of New York. As a result of a reaction to the vaccine, petitioner developed chronic arthritis. The New York State Workers’ Compensation Board awarded her compensation at a temporary rate of $100 per week. Petitioner also filed a claim for compensation pursuant to the National Vaccine Injury Program (Vaccine Act)
 
 (see,
 
 42 USC § 300aa-l
 
 et seq.).
 
 When awarding Atkinson the money, the Federal Court of Claims stated that the award included only sums “not compensated” by her workers’ compensation program.
 

 The City of New York filed a workers’ compensation lien against petitioner’s Vaccine Act recovery
 
 (see,
 
 Workers’ Compensation Law § 29 [1]). Petitioner sent a notice of rejection of the lien, arguing that the Vaccine Act judgment was not subject to lien because it had not been obtained from a responsible third party, and that the City’s attempt to impose a lien on the award violated Federal law. Petitioner then commenced the present CPLR article 78 proceeding, seeking a judgment prohibiting the City from enforcing the lien. Supreme Court granted petitioner a judgment of prohibition, and the Appellate Division affirmed.
 

 The City argues that it has a right to enforce the workers’ compensation lien, since the Vaccine Act is a federally-authorized substitute for tort recovery
 
 (see, Matter of Ryan v General Elec. Co.,
 
 26 NY2d 6, 12). The courts below applied a more restrictive reading of section 29 (1). Unlike the Military Claims Act at issue in
 
 Ryan,
 
 the Vaccine Act explicitly makes recovery secondary to any available State remedies, stating that compensation “shall not be made” for any damages recoverable “under any State compensation program” (42 USC § 300aa-15 [g] [1];
 
 see also,
 
 HR Rep No. 99-908, 99th Cong, 2nd Sess [Sept. 26,1986], reprinted in 1986 US Code Cong & Admin News 6344, 6363 [“(p)ayment of compensation is not to be made for items or services for which payment has been made or can be expected to be made by other public or private entities”]). Enforcing the lien here may frustrate the intent of the Federal program and thus raise questions as to its validity under the Supremacy Clause
 
 (see,
 
 US Const, art VI, cl [2];
 
 Crosby v National Foreign Trade Council,
 
 530 US 363, 372-373). Under these circumstances, we choose to interpret the Workers’ Compensation Law to avoid these constitutional concerns
 
 (see, Matter of Jacob,
 
 86 NY2d 651, 667). The City therefore may not enforce the lien against petitioner.
 

 
 *811
 
 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley, Rosenblatt and Graffeo concur.
 

 Order affirmed, with costs, in a memorandum.