■ In the Matter of the Claim of CHARLES KIRK, Respondent, v CENTRAL HUDSON GAS & ELECTRIC COMPANY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [855 NYS2d 721]—

Stein, J. Appeal from a decision of the Workers' Compensation Board, filed January 11, 2007, which ruled that the employer's workers' compensation carrier was not entitled to offset its future compensation payments to claimant pursuant to Workers' Compensation Law § 29 (4).

Claimant was exposed to asbestos while employed by Central Hudson Gas & Electric Company. He was a plaintiff in a class action lawsuit filed in 1993 against asbestos manufacturers. That claim was settled, with the consent of the employer's workers' compensation carrier, for $44,868.76. The recovery was explicitly based on claimant's diagnosis of bilateral pleural asbestosis. Claimant filed a workers' compensation claim in 1995 for asbestos-related pleural disease, an occupational disease related to asbestos exposure. In 2001, claimant filed a separate claim for colorectal cancer resulting from exposure to asbestos during the course of employment. Claimant was classified as permanently partially disabled on each claim. The carrier sought to offset its payments under both claims by the amount of the class action settlement, pursuant to Workers' Compensation Law § 29 (4). A Workers' Compensation Law Judge held that the settlement funds could be offset only against the pleural disease claim, not against the colorectal cancer claim. The Workers' Compensation Board affirmed, prompting this appeal.

The Board's decision was supported by substantial evidence. Workers' Compensation Law § 29 (4) "clearly reveals a legislative design to provide for reimbursement of the compensation carrier whenever a recovery is obtained in tort for the same injury that was a predicate for the payment of compensation benefits" (*Matter of Petterson v Daystrom Corp.*, 17 NY2d 32, 39 [1966]; *see Matter of Ryan v General Elec. Co.*, 26 NY2d 6, 12 [1970]). The Workers' Compensation Law "should be strictly construed in light of [its] legislative purpose" (*Matter of Shutter v Philips Display Components Co.*, 90 NY2d 703, 708 [1997]). A substantial part of the legislative purpose and intent of Workers' Compensation Law § 29 (4) is to prevent double recovery (*see Matter of Murphy v New York City Police Dept.*, 270 AD2d 733, 733 [2000]).

In the instant matter, the Board relied on the uncontroverted

evidence presented that claimant's recovery from the manufacturer was based solely on his asbestosis and that the settlement did not include any recovery for his colorectal cancer.* In fact, at the time he filed his claim in the third-party action, claimant had not yet been diagnosed with colorectal cancer. On the particular facts presented herein, the Board's determination that there were two separate conditions, both of which were caused by exposure to asbestos, and claimant had only recovered from a third party for one of them, was supported by the evidence presented. Furthermore, denial of an offset to the carrier of the settlement funds against the colorectal cancer claim would not result in double recovery by claimant and, thus, was proper. We have considered the remaining contentions of the parties and have found them to be without merit. Accordingly, the determination of the Board is affirmed.

Cardona, P.J., Spain, Carpinello and Kavanagh, JJ., concur. Ordered that the decision is affirmed, without costs.

---

* In particular, the Board relied on two letters from claimant's counsel in the class action lawsuit, one of which indicated that, if the settlement had included recovery for claimant's colorectal cancer, the amount awarded would have been substantially greater.