In the Matter of the Claim of KATRINA HISER, Appellant, v RICHMOR AVIATION, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [899 NYS2d 473]—

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed August 29, 2008, which ruled that the employer's workers' compensation carrier was entitled to offset its future compensation to claimant pursuant to Workers' Compensation Law § 29 (4).

This Court previously reversed a determination of the Workers' Compensation Board that rejected claimant's application for review of a decision of a Workers' Compensation Law Judge (hereinafter WCLJ) as untimely (*Matter of Hiser v Richmor Aviation, Inc.*, 52 AD3d 915 [2008]). Upon remittal, the Board affirmed, on the merits, the decision of the WCLJ who found that one half of a $500,000 voluntary settlement paid pursuant to a policy of insurance is subject to the workers' compensation carrier's lien and offset rights under Workers' Compensation Law § 29.

The facts are not in dispute. Claimant's spouse died in a November 2002 plane crash while in the employ of Richmor

Aviation, Inc. The airplane was owned by Abram's Aviation, LLC but managed by Richmor.[1] The workers' compensation case was established without controversy, and death benefits were paid to claimant and decedent's surviving children. In addition to the award of workers' compensation benefits, Richmor offered claimant a voluntary settlement in the amount of $500,000 pursuant to the terms of an insurance policy purchased by and issued to Richmor. The policy required Richmor, as the first named insured, to request payment from the insurance company. Payment was to be made irrespective of legal liability and claimant, individually and as executor of decedent's estate, was to execute a release of all claims against Richmor and Abram's. The Board found that the portion of the proposed voluntary settlement payable under the policy and attributable to Abram's[2] "constitutes a substitute for the usual third party recovery" and is subject to the lien and offset rights of the compensation carrier provided for in Workers' Compensation Law § 29. Because we conclude such finding is not supported by substantial evidence, we reverse.

Workers' Compensation Law § 29 "reveals a legislative design to provide for reimbursement of the compensation carrier whenever a recovery is obtained in tort for the same injury that was a predicate for the payment of compensation benefits" (*Matter of Petterson v Daystrom Corp.*, 17 NY2d 32, 39 [1966]; *accord Matter of Kirk v Central Hudson Gas & Elec. Co.*, 50 AD3d 1298, 1299 [2008]). "The statute is designed to shift the burden of paying compensation from the carrier or self-insured employer to the party actually responsible for the injury and prevent an injury victim from receiving a double recovery" (*Matter of Murphy v New York City Police Dept.*, 270 AD2d 733, 733 [2000] [citations omitted]; *see Matter of Kirk v Central Hudson Gas & Elec. Co.*, 50 AD3d at 1299). However, "the Workers' Compensation Law does not broadly authorize liens and offsets to be applied against 'all' or 'any' recoveries from others without regard for their source" (*Matter of Shutter v Philips Display Components Co.*, 90 NY2d 703, 708 [1997]). Rather, such offsets "may be applied only against recoveries from the third-party tortfeasors who are responsible for claimant's injuries" and "should be strictly construed in light of their legislative purpose" (*id.*). There is no evidence in the record that Abram's

1. The president of Richmor testified that Richmor was hired by Abram's to fly, maintain, hangar and service the airplane and passed along any cost associated with the airplane to Abram's.

2. The Board found that $250,000 of the $500,000 proposed voluntary settlement was attributable to Abram's.

was negligent or caused, in any way, decedent's injuries. Notably, Richmor's president testified, without contradiction, that the result of a federal governmental agency investigation was that the crash was caused by a "very severe mountain wave downdraft . . . so there was no blame placed on anybody other than mother nature."

The Board's reliance on *Matter of Ryan v General Elec. Co.* (26 NY2d 6 [1970]), as the basis for applying Workers' Compensation Law § 29 to the portion of the voluntary settlement attributable to Abram's, is misplaced. In *Ryan*, the claimant's spouse was killed when the aircraft he was piloting for his employer was struck by a U.S. Navy jet. The claimant received various monetary awards from Congress pursuant to the Military Claims Act, which the Court of Appeals characterized as "a substitute for a tort recovery, without reference to negligence or proof of wrong *beyond causation*" (*id.* at 12 [emphasis added]). Finding that the legislative design of Workers' Compensation Law § 29 "is best effected by allowing reimbursement where recovery, although perhaps not falling within the classical or categorical torts, nevertheless is based on *some kind of wrong*" (*id.* [emphasis added]), the Court of Appeals concluded that the statute should be interpreted broadly to include a federally authorized substitute for tort recovery. Accordingly, causation or some indication of wrongdoing must be present before the lien and offset provisions of Workers' Compensation Law § 29 are to be applied. Here, there is no evidence that Abram's caused decedent's death or committed any wrong that contributed to his death and the Board's decision to find Workers' Compensation Law § 29 applicable to that portion of claimant's voluntary settlement attributable to Abram's, under these facts, was not supported by substantial evidence.

Peters, J.P., Malone Jr., Stein and Garry, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.