■ In the Matter of ELIZABETH SEICKEL, Respondent, v STATE INSURANCE FUND et al., Appellants. [958 NYS2d 339]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered August 2, 2011, which, to the extent appealed from as limited by the briefs, granted the petition to extinguish respondents' lien pursuant to Workers' Compensation Law § 29, and determined respondents' equitable share of petitioner's litigation costs and directed respondents to reimburse petitioner in that amount, unanimously modified, on the law, to vacate the determination of respondents' equitable share of the litigation costs and the direction to reimburse petitioner in that amount,

and remand the matter for recalculation of respondents' share of the litigation costs in accordance herewith, and otherwise affirmed, without costs.

Petitioner's projected future medical expenses are too speculative to be considered in calculating the total benefit to respondents from her recovery in the litigation (*Matter of Bissell v Town of Amherst*, 18 NY3d 697 [2012]). Thus, respondents' equitable share of petitioner's litigation costs must be recalculated (*see Burns v Varriale*, 9 NY3d 207, 215 n 4 [2007]).

We reject respondents' contention that the court erred in employing the Life Expectancy and Present Value Tables set forth in Appendices A and C of the Pattern Jury Instructions to determine the present value of respondents' future indemnity liability. In light of respondents' failure to point to the mortality table it sought to employ or to proffer any calculations with respect thereto, and the detailed calculations set forth in the petition, the court properly deemed these tables pertinent (*see* Workers' Compensation Law § 29 [2]; *Burns*, 9 NY3d at 215). Respondents' argument that the court erred in failing to consult the remarriage tables of the Dutch Royal Insurance Institution is unpreserved, and, in any event, unavailing, since those tables apply to the computation of death benefits payable to a widow until widowhood terminates upon remarriage (*see Matter of Theresa M.C. v Utilities Mut. Ins. Co.*, 207 AD2d 481, 483 [2d Dept 1994]; *Matter of Iannone v Radory Constr. Corp.*, 285 App Div 751 [3d Dept 1955], *affd* 1 NY2d 671 [1956]). Concur—Friedman, J.P., Sweeny, Acosta, Abdus-Salaam and Manzanet-Daniels, JJ.