■ In the Matter of the Claim of CARLYLE WILLIAMS, Respondent, v LLOYD GUNTHER ELEVATOR SERVICE, INC., et al., Appel-

lants. WORKERS' COMPENSATION BOARD, Respondent. [986 NYS2d 649]—

Stein, J.P. Appeal from a decision of the Workers' Compensation Board, filed May 31, 2013, which ruled that the employer's workers' compensation carrier may not begin taking a credit against claimant's net recovery from a third-party action until the date on which claimant received the recovery.

Claimant sustained compensable injuries to his right foot and back in the course of his employment in March 2003 and established a claim for workers' compensation benefits. Subsequently, claimant commenced a third-party action and, thereafter, sought consent from the employer's workers' compensation carrier to settle the action. The carrier provided its consent in a letter dated September 16, 2010 in which it reserved its right to take credit for the third-party recovery when computing deficiency compensation and further stated that "[s]aid credit will be exercised as of this date." The carrier stopped payment to claimant on October 1, 2010 per the consent letter and, following proceedings, the Workers' Compensation Board held that the carrier was not entitled to begin its credit until October 5, 2010, the date upon which the third-party action actually settled. The carrier appealed that decision and this Court reversed, holding that past Board decisions had permitted a carrier to begin taking its credit for a third-party recovery as of the date of consent—when such right was specifically reserved in the consent letter—and that the Board had not provided a rational basis for departing from such precedents, rendering its decision arbitrary (*Matter of Williams v Lloyd Gunther El. Serv., Inc.*, 104 AD3d 1013, 1015 [2013]).

Upon remittal, the Board acknowledged that its decisions had been inconsistent and, relying upon the recent full Board decision in *Employer: Crescent Contr. Corp.* (2012 WL 2261381, *3, 2012 NY Wrk Comp LEXIS 6743, *7 [WCB No. 0040 2039, June 11, 2012]), adhered to its prior decision and held that a carrier may never exercise its right to credit until a claimant receives the proceeds of a third-party settlement. The Board reasoned further that to permit the carrier to exercise such right before then would constitute a waiver of the right to ongoing compensation benefits by a claimant, which is not valid and enforceable unless such agreement is approved by the Board pursuant to Workers' Compensation Law § 32. The employer and the carrier now appeal.

We reverse. When a workers' compensation carrier consents

to the settlement of a claimant's third-party action, the carrier shall have a lien on the proceeds of the recovery equal to the amount of benefits already paid, and may also assert the right to offset future compensation benefits paid until the proceeds of the recovery are exhausted (*see* Workers' Compensation Law § 29 [1], [4]; *Matter of Williams v Lloyd Gunther El. Serv., Inc.*, 104 AD3d 1013, 1014 [2013], *supra*; *Matter of Tamara v Airborne Express, Inc.*, 100 AD3d 1060, 1061 [2012]). The issue before us again on this appeal is the point at which a carrier is entitled to exercise its credit. As we observed previously in this matter, "there is no reference in the statute as to when the credit shall commence" (*Matter of Williams v Lloyd Gunther El. Serv., Inc.*, 104 AD3d at 1014; *see* Workers' Compensation Law § 29 [4]). Cognizant of the fact that the statute in question was enacted in substantial part to prevent a claimant from receiving a double recovery (*see Matter of Rodriguez v New Sans Souci, N.H.*, 98 AD3d 1205, 1206 [2012], *lv denied* 20 NY3d 856 [2013]; *Matter of Hiser v Richmor Aviation, Inc.*, 72 AD3d 1423, 1424 [2010]), we agree with the carrier that its right to exercise its credit must be available, if provided for in the consent letter, at the point at which the carrier provides its consent. To hold otherwise would result in payments made by the carrier that are not subject to either lien or credit rights, i.e., those payments made between the date of consent—at which point the amount of the carrier's lien is fixed—and the date of actual settlement. This resulting double payment to the claimant would be contrary to the intent of the statute.

We reject the Board's contention that the words "actually collected" in Workers' Compensation Law § 29 (4) require a different result, inasmuch as language in that statute that the carrier "shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided" refers to the amount available for recovery and not the timing of the payment of proceeds (*see Matter of Kelly v State Ins. Fund*, 60 NY2d 131, 138-139 [1983]; *Matter of Williams v Lloyd Gunther El. Serv., Inc.*, 104 AD3d at 1014; *Burns v Varriale*, 34 AD3d 59, 61 [2006], *affd* 9 NY3d 207 [2007]).

We further reject the Board's determination that a consent to settlement pursuant to Workers' Compensation Law § 29 that reserves a carrier's right to begin taking its credit upon such consent amounts to a claimant's waiver of ongoing benefit rights that must be approved by the Board pursuant to Workers' Compensation Law § 32. As we have held previously, and the Board itself has recognized, Workers' Compensation Law § 29

contains no authority for the Board to approve the settlement of a third-party action and, thus, the Board's jurisdiction is limited to interpreting a settlement agreement (*see Matter of Stenson v New York State Dept. of Transp.*, 96 AD3d 1125, 1126 n 2 [2012], *lv denied* 19 NY3d 815 [2012]; *Employer: TBI Servs.*, 2009 WL 2222227, *2, 2009 NY Wrk Comp LEXIS 11947, *5-6 [WCB No. 8060 1930, July 20, 2009]; *Employer: Coca Cola*, 2008 WL 2221252, *4, 2008 NY Wrk Comp LEXIS 4328, *11 [WCB No. 0966 3812, May 5, 2008]). Accordingly, the decision of the Board must be reversed.

McCarthy, Rose and Egan Jr., JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.