Continental Indem. Co. v Redzematovic (2022 NY Slip Op 03866)

Continental Indem. Co. v Redzematovic

2022 NY Slip Op 03866

Decided on June 14, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 14, 2022

Before: Webber, J.P., Gesmer, Oing, Singh, Kennedy, JJ. 

Index No. 156930/21 Appeal No. 16123 Case No. 2022-00683 

[*1]Continental Indemnity Company et al., Plaintiffs-Respondents,
v
Aisa Redzematovic, Defendant-Appellant.

The Dauti Law Firm, P.C., New York (Ylber Albert Dauti of counsel), for appellant.
Gottlieb Ostrager LLP, Islandia (Aaron E. Meyer of counsel), for respondents.

Order, Supreme Court, New York County (Laurence Love, J.), entered on or about February 14, 2022, which granted plaintiffs' cross motion for summary judgment declaring their right to assert their Workers' Compensation lien against the proceeds of defendant's legal malpractice action and denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiffs seek to assert the lien provided by Workers' Compensation Law § 29(1) against the monies received by defendant in settlement of her legal malpractice action against her prior attorneys who failed to timely commence an action against the tortfeasors responsible for her workplace accident. Workers' Compensation Law § 29(1) provides that, if an employee who is eligible for workers' compensation benefits is injured "by the negligence or wrong of another not in the same employ, such injured employee . . . [may] pursue his remedy against such other," and, if the injured employee has received workers' compensation benefits, the workers' compensation carrier "shall have a lien on the proceeds of any recovery from such other, whether by judgment, settlement or otherwise," to the extent of the compensation provided (Matter of Shutter v Phillips Display Components Co. , 90 NY2d 703, 707 [1997]). Under the statutory language, the lien does not apply against any recovery obtained by the injured employee from any source, such as from her own uninsured motorist insurance coverage, but "only against recoveries from the third-party tortfeasors who are responsible for the claimant's injuries" (id. at 708). Although defendant did not recover directly from the tortfeasors, the legal malpractice settlement "obtained as a result of the first attorney's failure to timely commence [an action] constitutes a third-party recovery within the meaning of Workers' Compensation Law § 29" (Matter of Theresa M.C. v Utilities Mut. Ins. Co. , 207 AD2d 481, 482 [2d Dept 1994]) because the recovery from the legal malpractice "settlement was a substitute for the usual third-party recovery against a negligent tort-feasor or wrongdoer" (Matter of McDowell v La Voy , 63 AD2d 358 [3d Dept 1978], affd 47 NY2d 747 [1979]). Accordingly, the settlement proceeds are subject to the Workers' Compensation lien which attaches to the recovery. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 14, 2022