■ Morton M. Bass, Appellant, v. Joseph P. Grace, Jr., et al., as Executors of Joseph P. Grace, Deceased, Respondents. William E. Murray et al., Intervenors-Respondents.— Order, Supreme Court, New York County, entered November 18, 1970, unanimously affirmed, without costs and without disbursements. None of the parties evinces any serious disagreement with the order of Special Term, though all express some uncertainty as to its ordering provisions. For purposes of clarity we explain that the order directs the respondent executors to deliver to the Sheriff forthwith, and pursuant to the attachment obtained by the petitioner, the balance of the sum awarded by the Surrogate to the attachment debtor after deducting therefrom the amounts directed by the Surrogate to be paid to the intervenors Murray and Hackett. The order also directs the executors to pay to the Sheriff a sum equal to the difference between the amount to be forthwith delivered in accord with the above and the amount attached if and when the Surrogate directs any payment to the attachment debtor on account of interest of the attachment debtor in the estate of the deceased. Concur — Stevens, P. J., McGivern, Nunez, Murphy and Steuer, JJ.

■ Anthony La Rocco, Respondent, v. City of New York et al., Appellants.— Order, Supreme Court, New York County, entered on August 3, 1970, granting plaintiff's motion for leave to amend a notice of claim *nunc pro tunc*, unanimously reversed, on the law, without costs and without disbursements, and the motion denied. Plaintiff, who was injured on May 12, 1969, commenced an action for personal injuries on August 14, 1969, and made the instant motion on July 13, 1970. He incorrectly relies upon subdivision 6 of section 50-e of the General Municipal Law in his attempt to amend the subrogee's notice of claim for property damage by adding a belated notice of claim for personal injury. (*Matter of Kinard* v. *City of New York*, 26 A D 2d 821.), Concur —Capozzoli, J. P., McGivern, Kupferman, McNally and Tilzer, JJ.