■ ROSEANN PODESZEDLIK, Individually and as Parent and Natural Guardian of JENNIFER PODESZEDLIK, an Infant, Appellant, v MID-HUDSON CIVIC CENTER, INC., Respondent.—Casey, J. P. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Jiudice, J.), entered May 9, 1989 in Dutchess County, which denied plaintiff's motion for leave to serve an amended complaint.

Plaintiff seeks to recover damages for injuries sustained when her daughter was allegedly attacked and raped on defendant's premises following a concert on October 31, 1984. Her complaint alleges that defendant was negligent in failing to provide adequate security. In 1988, some three years after the action was commenced, plaintiff sought to amend her complaint to add a cause of action based upon the Dram Shop Act (General Obligations Law § 11-101). She claimed that she had only recently learned, through the deposition of the attacker, that she had a Dram Shop Act cause of action. Supreme Court denied the motion and this appeal ensued.

A motion to amend pursuant to CPLR 3025 (b) should be freely granted, but "such a motion rests within the discretion of the trial court and the exercise of such discretion will not lightly be set aside" *(Beuschel v Malm,* 114 AD2d 569). Although the motion herein was not made at the eve of trial, Supreme Court noted that three years had elapsed since the

commencement of the action and that the record indicated plaintiff's earlier awareness of alcohol involvement. Plaintiff characterizes Supreme Court's ruling as based solely upon the length of the delay, but the court also noted that the addition of a Dram Shop Act cause of action would result in prejudice to defendant in that its ability to reconstruct the facts and prepare a defense to a new and completely different cause of action has been impaired by the lapse of some four years since the date of the incident. We see no abuse of discretion which would justify our intervention in Supreme Court's ruling.

Order affirmed, with costs. Casey, J. P., Weiss, Mikoll, Mercure and Harvey, JJ., concur.