■ GLEN BABCOCK, Appellant, et al., Plaintiff, v GARY MANN et al., Defendants and ROBERT SCHEINMAN, Respondent.—Mahoney, P. J. Appeal from an order of the Supreme Court (Williams, J.), entered August 18, 1989 in Sullivan County, which, *inter alia,* granted defendant Robert Scheinman's motion to amend his answer.

Plaintiff Glen Babcock (hereinafter plaintiff) was injured on June 1, 1987 when, during the course of his employment for Griff Petroleum, an excavation ditch collapsed causing him to fall. In August 1987, he commenced this action, with his wife's derivative claim, alleging negligence and violations of Labor Law §§ 200 and 241 (6). He alleged that defendant Robert Scheinman was a contractor on the job, but this allegation was denied by Scheinman. At examinations before trial in October 1988, Scheinman and defendant Steven Pavlak gave testimony which Scheinman claims supports his position that he and plaintiff were coemployees of Griff Petroleum so that the exclusivity provision of Workers' Compensation Law § 29 (6) protects him from suit. In June 1989, Scheinman moved to amend his answer to assert this protection as an affirmative defense. Over plaintiff's objection, Supreme Court granted this motion. Plaintiff appeals.

Leave to amend pleadings should be freely granted *(see,* CPLR 3025 [b]) and we usually do not interfere with a trial court's broad discretion in deciding this matter *(see, e.g., Podeszedlik v Mid-Hudson Civic Center,* 162 AD2d 921). Although the motion to amend might have been made more promptly, we cannot deem Supreme Court's decision allowing the amendment an abuse of discretion. Plaintiff was not prejudiced by any delay because Scheinman's status was subject to dispute since the initial answer, denying Schein-

man's role as a contractor, was served *(see, supra)*. The absence of an affidavit by someone with personal knowledge of the facts to support Scheinman's motion is not fatal since the motion was supported by an attorney's affirmation annexing documentary evidence which can even support summary judgment motions *(see, e.g., Olan v Farrell Lines,* 64 NY2d 1092, 1093). Finally, plaintiff's contention that Scheinman's amendment is facially deficient does not warrant a contrary result. On this record, without more detailed information concerning Scheinman's role in this matter, we cannot agree with plaintiff that there is no support for Scheinman's position, although the precise nature of Scheinman's role remains to be determined.

Order affirmed, without costs. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Mercure, JJ., concur.