■ CHARLES CANFIELD, Respondent, and CONSOLIDATED FREIGHTWAYS, INC., Proposed Intervenor-Appellant, v CHILD WORLD, INC., Respondent. (And a Third-Party Action.) [619 NYS2d 95] —In an action to recover damages for personal injuries, Consolidated Freightways, Inc., appeals from an order of the Supreme Court, Westchester County (Gurahian, J.), entered March 20, 1992, which denied its motion pursuant to CPLR 1012 (a) for leave to intervene as a party plaintiff.

Ordered that the order is reversed, with costs, and the motion is granted.

The plaintiff Charles Canfield was employed by the proposed intervenor plaintiff Consolidated Freightways, Inc. (hereinafter Consolidated), a Connecticut company. On January 11, 1988, while engaged as an employee of Consolidated, the plaintiff drove his truck onto the premises of the defendant in New York to make a delivery. While making the delivery, the plaintiff had an accident and was injured. Thereafter, Consolidated paid the plaintiff workers' compensation benefits under Connecticut's Worker's Compensation Act. In addition, the plaintiff commenced an action against the defendant in the Supreme Court, Westchester County, on or about February 6, 1991.

By notice of motion dated October 4, 1991, Consolidated moved for leave to intervene in the action and to be added as a plaintiff in order to recover from the defendant the amounts paid to the plaintiff in workers' compensation benefits.

We disagree with the Supreme Court that Consolidated's motion to intervene was untimely under CPLR 1012. Consolidated moved to intervene pursuant to Connecticut General Statutes § 31-293 (a). Since the rights of an employer to be reimbursed for workers' compensation benefits paid to an

employee are governed by the law of the State in which the benefits were paid *(see, Liberty Mut. Ins. Co. v Borsari Tank Corp.,* 248 F2d 277; *Boyle v Texasgulf Aviation,* 696 F Supp 951, *affd* 875 F2d 307), that statute is controlling. Connecticut General Statutes § 31-293 (a) provides that an employer may join in an action brought by its employee against negligent third parties within 30 days from the date that the employee formally notifies the employer of the fact that he has commenced such an action. Since there is no indication that the plaintiff formally notified Consolidated of its action against the defendant, the motion to intervene was timely. Thompson, J. P., Miller, O'Brien, Santucci and Joy, JJ., concur.