■ NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Appellant, v LARRY SILBERMAN et al., Respondents, et al., Defendants. [628 NYS2d 126] —In a subrogation action, the plaintiff appeals from an order of the Supreme Court, Nassau County (Levitt, J.), entered September 24, 1993, which (1) denied its motion for an order dismissing the defendants' affirmative defenses, (2) granted the cross motion of the defendants Larry Silberman, Helen Silberman, and Ralph Silberman to dismiss the first, second, third, and seventh causes of action insofar as they are asserted against them, (3) granted the motion of the defendants Arena Marketing, Inc., Arena Liquidators of Terryville, Inc., Liquidators Arena, Inc., Arthur Krantz, and Joel Levinson to dismiss the first, second, and sixth causes of action insofar as they are asserted against

them, (4) granted the motion of the defendants Joel Glazer and Susan Glazer for summary judgment dismissing the complaint insofar as it is asserted against them, and (5) dismissed the complaint and all cross claims.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff insurance carrier claims that it was subrogated to the rights of its insured, Associated Dry Goods Corporation (hereinafter ADG), after making payment to ADG on an insurance claim for losses which were incurred by an ADG subsidiary, Ralar Distributors, due to the alleged misconduct of the respondents. Upon payment of a loss, a carrier is entitled to be subrogated *pro tanto* to any right of action which its insured may possess against a third party whose wrongful act caused the loss (*see,* 71 NY Jur 2d, Insurance, § 1904; *Hamilton Fire Ins. Co. v Greger,* 246 NY 162, 164). However, the doctrine of subrogation is derivative in nature. Thus, if the insured has no right of action to transfer to the carrier, then the carrier cannot be subrogated to the insured's right (*see, American Sur. Co. v Town of Islip,* 268 App Div 92, 94).

In the instant case, it is undisputed that Ralar was the only company which suffered a loss caused by the alleged defalcation of the respondents. Therefore, Ralar was the only entity which could seek to recover from the respondents for that loss. Further, the insurance policy named as the insured ADG and any of its subsidiaries. Thus, Ralar was insured under the policy. It necessarily follows that since Ralar was the only insured with a right of recovery against the respondents, it was also the only insured from which the plaintiff could have subrogation. Consequently, ADG did not have any rights against the respondents to transfer to the plaintiff and its purported assignment did not transfer to the plaintiff the rights possessed by Ralar. Under the circumstances, the Supreme Court properly dismissed the complaint on the grounds that the plaintiff did not have standing to maintain the action and the complaint failed to state a cause of action.

In light of our determination, we need not address the plaintiff's alternative arguments. Rosenblatt, J. P., Ritter, Pizzuto and Krausman, JJ., concur.