■ MARK T. CARMINUCCI et al., Respondents, and MADRONE EXCAVATING COMPANY, INC., Intervenor-Appellant, v PEPSICO,

Inc., et al., Defendants. (And a Third-Party Action.) [653 NYS2d 946] —In an action to recover damages for personal injuries, etc., the intervenor plaintiff Madrone Excavating Company, Inc., by its subrogee ITT Hartford Accident Indemnity Company appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Westchester County (Donovan, J.), entered November 14, 1995, which, upon determining that the New York Workers' Compensation Law applies to this action, among other things, denied that branch of its motion which was to compel the plaintiff Mark T. Carminucci to reimburse ITT Hartford Accident Indemnity Company in full for workers' compensation benefits it paid to Mark T. Carminucci and granted the plaintiffs' cross motion, *inter alia,* to compel ITT Hartford Accident Indemnity Company to pay its pro rata share of the litigation expenses of the action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion of Madrone Excavating Company, Inc., which was to compel the plaintiffs to reimburse ITT Hartford Accident Indemnity Company in full for workers' compensation benefits it paid to Mark T. Carminucci is granted, the plaintiffs' cross motion is denied, and the matter is remitted to the Supreme Court, Westchester County, for a hearing to determine the total amount of workers' compensation benefits to be reimbursed to ITT Hartford Accident Indemnity Company taking into account the present value of any future workers' compensation benefits to be paid.

The plaintiff Mark T. Carminucci was employed by Madrone Excavating Company, Inc. (hereinafter Madrone), a Connecticut company. On August 3, 1989, while working as an employee of Madrone, Mr. Carminucci was injured in a motor vehicle accident in New York. Thereafter, ITT Hartford Accident Indemnity Company (hereinafter Hartford), Madrone's workers' compensation insurer, paid Mr. Carminucci workers' compensation benefits under Connecticut's Workers' Compensation Act. On or about November 9, 1989, Mr. Carminucci and his wife commenced this action, *inter alia,* to recover damages for personal injuries in the Supreme Court, Westchester County. In an order entered August 27, 1990, the Supreme Court (Donovan, J.), granted the motion of Madrone, by its subrogee Hartford, for leave to intervene in this action and to be added as a plaintiff pursuant to Connecticut General Statutes § 31-293 (a) so that Hartford could recover from the defendants the amounts paid to Carminucci in workers' compensation benefits.

On September 15, 1993, the Carminuccis' action was settled

for $11,975,000. A portion of the settlement funds was placed in an escrow account to cover the reimbursement of workers' compensation benefits paid. Mr. Carminucci and Hartford, as subrogee of Madrone, disagreed over whether New York or Connecticut law should apply to Hartford's reimbursement of the workers' compensation benefits paid by Hartford.

The Supreme Court erred in concluding that New York law should apply to the reimbursement of the workers' compensation benefits. The rights of an employer to be reimbursed for workers' compensation benefits paid to an employee are governed by the law of the State in which the benefits were paid (*see, Canfield v Child World,* 209 AD2d 569; *Matter of O'Connor,* 21 AD2d 333; *see also, Liberty Mut. Ins. Co. v Borsari Tank Corp.,* 248 F2d 277; *Boyle v Texasgulf Aviation,* 696 F Supp 951, *affd* 875 F2d 307). Here, because Mr. Carminucci received benefits under Connecticut's Workers' Compensation Act, Connecticut law applies. Pursuant to Connecticut General Statutes § 31-293 (a), Hartford, as subrogee of Madrone, is entitled to reimbursement of the amount of workers' compensation benefits paid and the amount equal to the present worth of any probable future payments which Hartford has become obligated to pay.

Moreover, under Connecticut General Statutes § 31-293 (a), "[i]f the employer and the employee join as parties plaintiff in the action [to recover damages from a third party] and any damages are recovered, the damages shall be so apportioned that the claim of the employer * * * shall take precedence over that of the injured employee in the proceeds of the recovery, after the deduction of reasonable and necessary expenditures, including attorney's fees incurred by the employee in effecting the recovery * * * If the damages, after deducting the employee's expenses as provided in this subsection, are more than sufficient to reimburse the employer, damages shall be assessed in his favor in a sum sufficient to reimburse him for his claim, and the excess shall be assessed in favor of the injured employee". Here, Madrone, as Mark T. Carminucci's employer, by its subrogee Hartford, joined him as a party plaintiff in the negligence action. Since the damages awarded in the negligence action, i.e., over $11,000,000, are far in excess of the amount required to reimburse Hartford for the workers' compensation benefits it paid, including the present value of any future benefits, Hartford is entitled to full reimbursement (*see, Gurliacci v Mayer,* 218 Conn 531, 576, 590 A2d 914). The plaintiffs are not entitled to have Hartford share, on a pro rata basis, in the litigation expenses of this action.

The matter is remitted to the Supreme Court, Westchester County, to determine the amount of reimbursement due Hartford. Goldstein, J. P., Florio, McGinity and Luciano, JJ., concur.