■ KAREN STEINBERG et al., Appellants, v VILLAGE OF GARDEN CITY et al., Respondents. [668 NYS2d 674] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Kohn, J.), entered May 21, 1996, which (1) granted the defendants' motion to dismiss the complaint, and (2) denied their cross motion for leave to amend the notices of claim submitted by nonparty Allstate Insurance Company.

Ordered that the order is affirmed, with costs.

The plaintiff Karen Steinberg was allegedly injured on January 21, 1994, when a vehicle she was driving collided with a truck owned by the defendant Village of Garden City and operated by its employee, the defendant David Koehler. The plaintiffs never filed a notice of claim with the Village concerning this accident. In late January 1994 Karen Steinberg filed an accident report directly with the Village's insurance carrier, which subsequently sent her a check for the repair costs to her automobile. The plaintiffs' insurance carrier, Allstate Insurance Company (hereinafter Allstate), as the subrogee of Jon Steinberg, filed a notice of claim dated January 25, 1994, with the Village for property damage to his vehicle. In February 1994 Allstate, as the subrogee of Jon Steinberg, filed another notice of claim with the Village for personal injury protection (no-fault) benefits. Allstate's notices of claim did not name Karen Steinberg.

The plaintiffs commenced this action in April 1995 to recover

damages, *inter alia*, for personal injuries. The defendants moved to dismiss the complaint in March 1996 based on the plaintiffs' failure to file a notice of claim pursuant to General Municipal Law § 50-e with respect to Karen Steinberg's claim for personal injuries or Jon Steinberg's claim for loss of services. The plaintiffs cross-moved for leave to amend the notices of claim previously filed by Allstate to include their individual claims for damages.

The Supreme Court did not improvidently exercise its discretion in denying the plaintiffs' cross motion. An amendment pursuant to General Municipal Law § 50-e (6) is permissible to correct, *inter alia*, a mistake or omission made in good faith provided the public corporation is not prejudiced (*see, Mazza v City of New York*, 112 AD2d 921). An amendment which would substantively alter the nature of the claim does not fall within the statute's purview (*see, Herron v City of New York*, 223 AD2d 676; *Forsythe v Town of Tuxedo*, 220 AD2d 640; *Demorcy v City of New York*, 137 AD2d 650). Here, the Village only had notice of Allstate's subrogation claim with respect to payments it made to Jon Steinberg as a result of the accident, and the Village was never notified, until the action was commenced, of Karen Steinberg's personal injury claim or of Jon Steinberg's claim for loss of services (*see, e.g., La Rocco v City of New York*, 37 AD2d 529, *affd* 29 NY2d 687). Under the circumstances, the amendments to Allstate's notices of claim sought by the plaintiffs would substantially alter the nature of the claim and would be prejudicial to the defendants.

Furthermore, since the Statute of Limitations expired before the plaintiffs' made their cross motion, the court had no authority to permit service of a late notice of claim (*see, Pierson v City of New York*, 56 NY2d 950; General Municipal Law § 50-e [5]). Accordingly, the Supreme Court properly granted the defendants' motion to dismiss the complaint. O'Brien, J. P., Thompson, Santucci and McGinity, JJ., concur.