■ ANN MERAS et al., Plaintiffs, and FIRST UNION CORPORATION, Formerly Known as CENTER BANK MORTGAGE COMPANY, Intervenor-Respondent, v WALTER SLEE et al., Appellants. [706 NYS2d 122] —In an action to recover damages for wrongful death, etc., the defendants, Walter Slee, County of Suffolk Department of Public Works, County of Suffolk, and Town of Southampton, appeal from an order of the Supreme Court, Suffolk County (Hall, J.), dated April 7, 1999, which granted the motion of First Union Corporation f/k/a Center Bank Mortgage Company for leave to intervene.

Ordered that the appeal by the Town of Southampton is dismissed for failure to perfect (*see,* 22 NYCRR 670.8 [e]); and it is further,

Ordered that the order is affirmed insofar as appealed from

by the appellants Walter Slee, County of Suffolk Department of Public Works, and County of Suffolk; and it is further,

Ordered that the respondent is awarded one bill of costs payable by the appellants Walter Slee, County of Suffolk Department of Public Works, and County of Suffolk.

The Supreme Court properly granted leave to intervene to the respondent, the Connecticut employer of the plaintiff's decedent, to preserve its right to a lien under Connecticut law (*see,* CPLR 1012 [a] [2]; *Canfield v Child World,* 209 AD2d 569; *Nardone v Fierberg Co.,* 40 AD2d 60; *see also, Carminucci v Pepsico, Inc.,* 236 AD2d 499). The respondent acknowledges that it has no need to present its own evidence, as its "lien attaches by operation of law once it intervenes and the amount of the lien will be determined at the conclusion of the case". Accordingly, granting the respondent leave to intervene will not prejudice the other parties to the lawsuit (*cf., Humbach v Goldstein,* 229 AD2d 64). Santucci, J. P., Joy, Thompson and Goldstein, JJ., concur.