■ HARTFORD INSURANCE COMPANY, Respondent, v CITY OF NEW YORK et al., Appellants. [814 NYS2d 266]—

In a subrogation action, the defendants, City of New York and City of New York Department of Sanitation, appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated April 6, 2005, as denied their cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

Gordon Lumbra was employed by Don Stevens Tire Co. in Connecticut to collect used tires from a Brooklyn garage owned by the defendant City of New York Department of Sanitation. He fell from a loading dock in the garage on May 31, 2001, severely injuring his foot.

On August 29, 2001, a date prior to the expiration of the 90-day period set out in General Municipal Law 50-e (1) (a), Lumbra, then acting pro se, filed a notice of claim with the defendants as to his damages from that incident. This notice alleged that the defendants failed to properly maintain the loading dock, and he was injured as a result. Lumbra subsequently determined not to pursue a personal injury action against the defendants.

In August 2002 the plaintiff insurance company, which paid workers' compensation benefits to Lumbra, acting as subrogee, filed a notice of claim for the workers' compensation payments it had made to Lumbra. It also commenced an action on August 27, 2002, to recover those payments. The defendants cross-moved for summary judgment dismissing the complaint under General Municipal Law § 50-i (1) for failure to timely file the notice of claim required by General Municipal Law § 50-e. The Supreme Court denied the motion. We affirm.

The plaintiff, as a subrogee, stands in Lumbra's shoes. Since its notice of claim in this derivative subrogation action merely sought to recover for some of the damages flowing from the same incident as that described by Lumbra in his notice of claim, under the circumstances of this case the plaintiff was entitled to rely on the notice of claim filed by Lumbra (*see* CPLR 1004; *Winkelmann v Excelsior Ins. Co.*, 85 NY2d 577, 582 [1995]; *Federal Ins. Co. v Arthur Andersen & Co.*, 75 NY2d 366, 372-373 [1990]; *Omiatek v Marine Midland Bank, N.A.*, 9 AD3d 831, 832 [2004]; *American Ref-Fuel Co. of Hempstead v Resource Recycling*, 307 AD2d 939, 941-942 [2003]; *National Union Fire Ins. Co. of Pittsburgh, Pa. v Silberman*, 215 AD2d 634, 635 [1995]; *Carminucci v Pepsico, Inc.*, 236 AD2d 499, 500 [1997]; *Meras v Slee,* 271 AD2d 417 [2000]; Siegel, NY Prac § 137, at 235 [4th ed]; *cf. Varsity Tr., Inc. v Board of Educ. of City of N.Y.,* 5 NY3d 532, 536 [2005]; *Steinberg v Village of Garden City,* 247

AD2d 463, 465 [1998]; *La Rocco v City of New York,* 37 AD2d 529 [1971], *affd* 29 NY2d 687 [1971]). Florio, J.P., Crane, Goldstein and Spolzino, JJ., concur.