■ OSVALDO ANGULO, Respondent, v CITY OF NEW YORK, Appellant, et al., Defendant. [852 NYS2d 355]—

In an action to recover damages for personal injuries, the defendant City of New York appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), entered December 26, 2006, as denied that branch of its motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it for failure to timely serve a notice of claim and granted the plaintiff's cross motion pursuant to General Municipal Law § 50-e (5) for leave to deem his notice of claim timely served, nunc pro tunc.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion of the defendant City of New York which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it on the ground that the plaintiff failed to timely serve a notice of claim is granted, and the plaintiff's cross motion for leave to deem his notice of claim timely served, nunc pro tunc, is denied.

On May 5, 2005 the plaintiff, then employed by the Time Warner Company (hereinafter Time Warner), was working on a pole in Queens, when a nearby defective light or electrical pole snapped and hit him, allegedly causing him to fall and sustain injuries.

On August 3, 2005 Recovery Services International, Inc., acting on behalf of ACE/ESIS, Inc. (hereinafter collectively Recovery), Time Warner's workers' compensation carrier, served

a notice of claim on the defendant City of New York to recover the payments it made to the plaintiff as workers' compensation benefits for the injuries he sustained in the fall. On August 5, 2005 the plaintiff served his own notice of claim on the City. By letter dated August 23, 2005, the City's Comptroller rejected his claim on the ground it was not timely submitted. The plaintiff does not dispute the City's assertion that his notice of claim was untimely.

The plaintiff commenced this action in June 2006 and the City served its answer on July 21, 2006. After the applicable statute of limitations had expired, by notice of motion dated August 16, 2006, the City moved, inter alia, pursuant to CPLR 3211 (a) (7), to dismiss the complaint insofar as asserted against it, for failure to comply with the condition precedent of a timely notice of claim as required by General Municipal Law § 50-e (1). In opposition, the plaintiff contended, among other things, that he was entitled to rely on Recovery's notice of claim. The plaintiff also cross-moved, pursuant to General Municipal Law § 50-e (5), if required, for leave to deem his notice of claim timely served, nunc pro tunc. The Supreme Court denied the City's motion and granted the plaintiff's cross motion.

"Service of a notice of claim within 90 days after accrual of the claim is a condition precedent to commencing an action against [the City]. The plaintiff['s] fail[ure] to serve [his] notice of claim within the statutory period, and [his] late service without leave of court was a nullity. The [plaintiff was] required to move within one year and 90 days of the accrual date of the claim for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5). Since the plaintiff[ ] failed to make a timely application for such relief, the [City was] entitled to dismissal of the complaint" (*Maxwell v City of New York*, 29 AD3d 540, 541 [2006] [citations omitted]; *see* General Municipal Law § 50-e [1] [a]; § 50-i [1] [a]; *Pierson v City of New York*, 56 NY2d 950 [1982]; *Laroc v City of New York*, 46 AD3d 760 [2007]; *Steinberg v Village of Garden City*, 247 AD2d 463 [1998]; *cf. Hartford Ins. Co. v City of New York*, 29 AD3d 519 [2006]).

Contrary to the plaintiff's contention, under the circumstances of this case, he was not entitled to rely on Recovery's notice of claim to avoid dismissal of his action (*see Rosenbaum v City of New York*, 8 NY3d 1, 10-11 [2006]; *Brown v City of New York*, 95 NY2d 389, 392-393 [2000]; *see also Steinberg v Village of Garden City*, 247 AD2d 463 [1998]; *cf. Hartford Ins. Co. v City of New York*, 29 AD3d 519 [2006]).

In light of our determination, we need not reach the parties' remaining contentions. Skelos, J.P., Fisher, Dillon and McCarthy, JJ., concur.