[953 NYS2d 366]

Brian Glenn Harris et al., Respondents, v Karen A. Ballard, Appellant.

Third Department, November 1, 2012

**APPEARANCES OF COUNSEL**

*Melvin & Melvin, PLLC*, Syracuse (*Susan E. Otto* of counsel), for appellant.

*Levene, Gouldin & Thompson, LLP*, Binghamton (*David M. Gouldin* of counsel), for respondents.

## OPINION OF THE COURT

Rose, J.

Plaintiff Brian Glenn Harris (hereinafter plaintiff), a domiciliary of the province of New Brunswick, Canada, was driving a New Brunswick registered tractor trailer in New York when he was injured in a motor vehicle accident involving a vehicle driven by defendant, a New York domiciliary. Plaintiff thereafter applied for and received workers' compensation benefits in New Brunswick. In exchange for payment of those benefits, plaintiff assigned his personal injury claim to the Workplace Health, Safety and Compensation Commission of New Brunswick (hereinafter WHSCC), which in turn commenced this action in plaintiffs' names, all pursuant to the New Brunswick Workers' Compensation Act. When defendant learned that the claim had been assigned, she moved for summary judgment on the grounds that, under New York law, the action could not be assigned or pursued and plaintiffs were not the real parties in interest. Plaintiffs opposed the motion and cross-moved to amend the complaint to add WHSCC as a plaintiff. Supreme Court denied the motion and granted the cross motion, concluding that while the substantive law of New York governed the causes of action for negligence and damages, the law of New Brunswick applied to the issues surrounding the assignment and pursuit of plaintiffs' claim. We now affirm.

■ The laws in conflict here do not concern true loss allocation, but deal only with the insurer's right of reimbursement. In contrast to the interest analysis applied to resolve conflicts of loss allocation rules (*see e.g. Roach v McGuire & Bennett*, 146 AD2d 89, 92 [1989]), the rights of an employer or insurer to the reimbursement of workers' compensation benefits paid to an employee are governed by the law of the forum in which the benefits were paid (*see Carminucci v Pepsico, Inc.*, 236 AD2d 499, 501 [1997]; *see also Boyle v Texasgulf Aviation, Inc.*, 696 F Supp 951, 953-954 [1988], *affd* 875 F2d 307 [1989]; Restatement [Second] of Conflict of Laws § 185). Here, plaintiff filed for and accepted benefits under the New Brunswick Workers' Compensation Act. Accordingly, the law of New Brunswick governs WHSCC's right of reimbursement (*see Carminucci v Pepsico, Inc.*, 236 AD2d at 501; *Canfield v Child World*, 209 AD2d 569, 569-570 [1994]).

■ We are likewise unpersuaded by defendant's argument that General Obligations Law § 13-101 (1) bars the action. Although that statute prohibits the transfer of claims to recover damages for personal injury, it does not apply to subrogation assignments such as the one embodied in Workers' Compensation Law § 29 (2) (*see Commissioners of State Ins. Fund v Low*, 285 App Div 525, 527 [1955]; *see also Liberty Mut. Fire Ins. Co. v Perricone*, 54 AD2d 975 [1976]). Workers' Compensation Law § 29 (2) is designed "to provide for reimbursement of the compensation carrier whenever a recovery is obtained in tort for the same injury that was a predicate for the payment of compensation benefits" (*Matter of Hiser v Richmor Aviation, Inc.*, 72 AD3d 1423, 1424 [2010] [internal quotation marks and citation omitted]). Because the applicable New Brunswick statute provides a similar right of subrogation (*see* Workers' Compensation Act, RSNB 1973, ch W-13, part I, § 10 [10]), General Obligations Law § 13-101 (1) does not apply to bar this action (*see e.g. Calhoun v Kruczkiewicz*, 129 AD2d 546, 547 [1987]; *Miller v Liberty Mut. Fire Ins. Co.*, 29 AD2d 982 [1968]). Although defendant also argues that she is prejudiced by the fact that WHSCC is not a named party, that prejudice is readily cured by the amendment of the complaint and, therefore, we see no abuse of discretion by Supreme Court in granting the cross motion to amend (*see Podeszedlik v Mid-Hudson Civic Ctr.*, 162 AD2d 921, 921-922 [1990]).

Mercure, J.P., Lahtinen, Kavanagh and Garry, JJ., concur.

Ordered that the order is affirmed, with costs.