■ MARK BERTOLOTTI et al., Appellants, v TOWN OF ISLIP, Respondent, et al., Defendant. [33 NYS3d 456]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Santorelli, J.), entered April 21, 2015, as denied that branch of their cross motion which was for leave to renew their prior motion pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim upon the defendant Town of Islip, which was denied in an order of the same court dated July 30, 2014, and granted the motion of the defendant Town of Islip pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it for failure to serve a timely notice of claim.

Ordered that the order is affirmed insofar as appealed from, with costs.

On April 14, 2013, the plaintiff Mark Bertolotti (hereinafter the injured plaintiff) allegedly was injured when his motorcycle slid on loose asphalt or sand on Old Nichols Road in Islip. On June 11, 2014, approximately one year and two months after the accident, the injured plaintiff and his wife filed an order to show cause seeking leave to serve a late notice of claim upon the defendant Town of Islip. By order dated July 30, 2014, the Supreme Court denied the motion. On July 3, 2014, the plaintiffs commenced this action against the Town and the defendant Suffolk Asphalt Corp. The Town moved to dismiss the complaint insofar as asserted against it on the ground that the plaintiffs failed to comply with a condition precedent to bringing suit against it, in that they failed to serve a timely notice of claim pursuant to General Municipal Law § 50-e (5). The plaintiffs cross-moved, among other things, for leave to renew their prior motion for leave to serve a late notice of claim upon the Town. By order entered April 21, 2015, the Supreme Court, inter alia, denied that branch of the plaintiffs' cross motion which was for leave to serve a late notice of claim upon the Town and granted the Town's motion to dismiss the complaint insofar asserted against it.

The Supreme Court properly denied that branch of the plaintiffs' cross motion which was for leave to renew their prior motion pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim upon the Town, as the new evidence that the plaintiffs submitted in support of that branch of their cross motion would not have changed the court's prior determination (*see* CPLR 2221 [e] [2]; *Fales v Fales*, 102 AD3d 734, 735 [2013]; *Kaya v B & G Holding Co., LLC*, 101 AD3d 685, 687 [2012]; *Frenchman v Lynch*, 97 AD3d 632, 633 [2012]). Thus, the Supreme Court also properly granted the Town's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint

insofar as asserted against it on the ground that the plaintiffs failed to serve a timely notice of claim (*see Angulo v City of New York*, 48 AD3d 603 [2008]; *Ibarra v New York City Health & Hosps. Corp. [Woodhull Med. & Mental Health Ctr.]*, 37 AD3d 660, 661 [2007]). Leventhal, J.P., Dickerson, Sgroi and Cohen, JJ., concur.