Singh v City of New York (2020 NY Slip Op 08123)





Singh v City of New York


2020 NY Slip Op 08123


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2017-12988
 (Index No. 701402/17)

[*1]Daler Singh, etc., et al., appellants-respondents,
v
City of New York, et al., respondents-appellants.


Wolf Haldenstein Adler Freeman & Herz, LLP, New York, NY (Benjamin Y. Kaufman, Gregory M. Nespole, Correy A. Kamin, and Law Offices of Daniel L. Ackman of counsel), for appellants-respondents.
Zachary W. Carter, Corporation Counsel, New York, NY (Richard Dearing and Eric Lee of counsel), for respondents-appellants.



DECISION & ORDER
In a purported class action, inter alia, to recover damages for violations of General Business Law § 349 and breach of the implied covenant of good faith and fair dealing, and/or to rescind certain contracts, the plaintiffs appeal, and the defendants cross-appeal, from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), dated September 21, 2017. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the first cause of action on the grounds that the plaintiffs failed to comply with the requirements of General Municipal Law § 50-e and failed to state a cause of action. The order, insofar as cross-appealed from, denied those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the third cause of action and so much of the fifth cause of action as sought rescission of the subject contracts based upon breach of the implied covenant of good faith and fair dealing.
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that the order is reversed insofar as cross-appealed from, and those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the third cause of action and so much of the fifth cause of action as sought rescission of the subject contracts based upon breach of the implied covenant of good faith and fair dealing are granted; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The plaintiffs in this putative class action seek to recover monetary damages, and/or to rescind their contracts to purchase New York City taxi cab medallions, due to the alleged actions of the defendants, the City of New York and the New York City Taxi and Limousine Commission (hereinafter the TLC), which purportedly caused a dramatic loss in value of the medallions after the medallions had been purchased at auction. The plaintiffs allege, inter alia, that prior to holding three taxi cab medallion auctions in late 2013 and early 2014, the TLC "intentionally overstated the value of taxi medallions and concealed the fact that the value of those medallions had already begun to decline due to factors known to the TLC but not disclosed to [the] plaintiffs," and that after the [*2]auctions, the TLC "through its actions and inaction, significantly undermined the value of the medallions it had just sold to [the] plaintiffs." The TLC's alleged wrongful action and inaction after the auctions included permitting affiliates of Uber Technologies, Inc. (hereinafter Uber), to acquire licenses to operate black car services despite the affiliates' failure to satisfy the black car licensing requirements, and permitting affiliates of Uber to "accept street hails in direct and illegal competition with medallion taxis."
The defendants moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint, and the plaintiffs opposed the motion. In an order dated September 21, 2017, the Supreme Court, inter alia, granted that branch of the defendants' motion which was to dismiss the first cause of action, which sought to recover damages for violations of General Business Law § 349. The plaintiffs appeal from this portion of the order. The court denied those branches of the defendants' motion which were to dismiss the third cause of action, which sought to recover damages for breach of the implied covenant of good faith and fair dealing, and so much of the fifth cause of action as sought rescission of the contracts based upon breach of the implied covenant of good faith and fair dealing, on the ground that the plaintiffs failed to state a cause of action. The defendants appeal from these portions of the order.
Administrative Code of the City of New York § 7-201 and General Municipal Law § 50-e together require a plaintiff, in order to bring an action sounding in tort against the City of New York, to serve a notice of claim within ninety days after the date the claim arises (see Bovich v East Meadow Pub. Lib., 16 AD3d 11, 16; Raven El. Corp. v City of New York, 291 AD2d 355, 356). Failure to comply with a statutory notice of claim requirement is a ground for dismissal pursuant to CPLR 3211(a)(7) for failure to state a cause of action (see Mosheyev v New York City Dept. of Educ., 144 AD3d 645, 646; Bertolotti v Town of Islip, 140 AD3d 907, 908-909).
General Business Law § 349(a) prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state" (see North State Autobahn, Inc. v Progressive Ins. Group Co., 102 AD3d 5, 11). We agree with the Supreme Court's determination that the plaintiffs' first cause of action, which sought to recover damages for violations of General Business Law § 349, was a claim sounding in tort, and therefore was subject to the requirements of General Municipal Law § 50-e, as a cause of action sounding in fraud (see Clarke-St. John v City of New York, 164 AD3d 743, 744). Accordingly, we agree with the court's determination granting that branch of the defendants' motion which was to dismiss the first cause of action due to the plaintiffs' failure to serve a notice of claim within 90 days after the claim arose (see Mosheyev v New York City Dept. of Educ., 144 AD3d at 646; Bertolotti v Town of Islip, 140 AD3d at 908-909).
We disagree, however, with the Supreme Court's determination to deny those branches of the defendants' motion which were to dismiss the third cause of action, which sought to recover damages for breach of the implied covenant of good faith and fair dealing, and so much of the fifth cause of action as sought rescission of the contracts based upon breach of the implied covenant of good faith and fair dealing, on the ground that the plaintiffs failed to state a cause of action. On a motion to dismiss pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the pleading is afforded a liberal construction, the facts as alleged are accepted as true, and the plaintiffs are accorded the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d 83, 87-88). A motion pursuant to CPLR 3211(a)(7) based upon evidentiary materials should not be granted "unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it" (Guggenheimer v Ginzburg, 43 NY2d 268, 275 [internal quotation marks omitted]; see Sokol v Leader, 74 AD3d 1180, 1182). "As a general rule, rescission of a contract is permitted 'for such breach as substantially defeats its purpose'" (RR Chester, LLC v Arlington Bldg. Corp., 22 AD3d 652, 654, quoting Callanan v Keeseville, Ausable Chasm & Lake Champlain R.R. Co., 199 NY 268, 284). "The implied covenant of good faith and fair dealing is breached when a party acts in a manner that would deprive the other party of the right to receive the benefits of their agreement" (1357 Tarrytown Rd. Auto, LLC v Granite Props., LLC, 142 AD3d 976, 977). "Encompassed within the implied obligation of each promisor to exercise good faith are any promises which a reasonable [*3]person in the position of the promisee would be justified in understanding were included" (Dalton v Educational Testing Serv., 87 NY2d 384, 389 [internal quotation marks omitted]). "This embraces a pledge that 'neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract'" (id. at 389, quoting Kirke La Shelle Co. v Armstrong Co., 263 NY 79, 87). "The duty of good faith and fair dealing, however, is not without limits, and no obligation can be implied that 'would be inconsistent with other terms of the contractual relationship'" (Dalton v Educational Testing Serv., 87 NY2d at 389, quoting Murphy v American Home Prods. Corp., 58 NY2d 293, 304).
Here, the plaintiffs concede that the official bid form used by the plaintiffs included an acknowledgment that the City had "not made any representations or warranties as to the present or future value of a taxicab medallion, the operation of a taxicab as permitted thereby, or as to the present or future application or provisions of the rules of the NYC Taxi & Limousine Commission or applicable law, other than a warranty of clear title to such medallion." Based upon this language, no reasonable person in the position of the plaintiffs would believe that the defendants would act or refrain from acting in any manner in order to guarantee the value of their medallions, since this would be inconsistent with the terms of the official bid form. Accordingly, since the evidence submitted by the defendants demonstrated that the plaintiffs' allegations regarding breach of the implied covenant of good faith and fair dealing were not facts at all, the Supreme Court should have granted those branches of the defendants' motion which were to dismiss the third cause of action and so much of the fifth cause of action which sought rescission of the contracts based upon breach of the implied covenant of good faith and fair dealing.
In light of our determinations, we need not address the parties' remaining contentions.
SCHEINKMAN, P.J., LASALLE, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court