Gomez-Jimenez v Wilson (2025 NY Slip Op 00435)

Gomez-Jimenez v Wilson

2025 NY Slip Op 00435

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-04858
 (Index No. 525385/19)

[*1]Fausto Gomez-Jimenez, et al., appellants, 
v
Nyaisha Wilson, defendant; BerkleyNet Insurance Company, etc., nonparty-respondent.

Brandon J. Broderick, Esq., LLC, New York, NY (Jason A. Richman of counsel), for appellants.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated April 5 , 2023. The order denied the plaintiffs' motion to vacate a lien asserted by nonparty BerkleyNet Insurance Company on the behalf of their insured, DRV Xpress, LLC.
ORDERED that the order is affirmed, without costs or disbursements.
The plaintiff Fausto Gomez-Jimenez (hereinafter the injured plaintiff), a resident of New Jersey, allegedly was injured in Brooklyn while he was driving a vehicle owned by his employer, nonparty DRV Xpress, LLC (hereinafter DRV), and his vehicle was struck by the defendant's vehicle. The injured plaintiff, and his wife suing derivatively, commenced this action against the defendant. In addition, the injured plaintiff filed for and received workers' compensation benefits in New Jersey.
In March 2021, the defendant's insurance carrier tendered its policy limit of $25,000 to settle the claim. DRV's insurer, nonparty BerkleyNet Insurance Company (hereinafter BerkleyNet), placed a subrogation lien upon the proposed settlement to cover its costs regarding the injured plaintiff's workers' compensation claim. The plaintiffs moved to vacate the lien. In an order dated April 5, 2023, the Supreme Court denied the plaintiffs' motion. The plaintiffs appeal.
"The rights of an employer to be reimbursed for workers' compensation benefits paid to an employee are governed by the law of the State in which the benefits were paid" (Carminucci v Pepsico, Inc., 236 AD2d 499, 501; see Canfield v Child World, 209 AD2d 569, 569-570; see also Harris v Ballard, 100 AD3d 196, 198). Here, it is undisputed that the injured plaintiff received workers' compensation benefits in New Jersey. Therefore, New Jersey law governs the rights of BerkleyNet to be reimbursed for its workers' compensation benefits paid to the injured plaintiff (see Carminucci v Pepsico, Inc., 236 AD2d at 501). Under New Jersey law, "[a] settlement obtained by an injured employee from a third party qualifies under [NJ Stat Ann § 34:15-40] as a reimbursable recovery to the employer or workers' compensation carrier" (Marano v Schob, 455 NJ Super 283, 290, 189 A3d 368, 372; see NJ Stat Ann § 34:15-40).
The plaintiffs' remaining contention is without merit.
Accordingly, the Supreme Court properly denied the plaintiffs' motion to vacate the lien asserted by BerkleyNet on the behalf of DRV.
DILLON, J.P., MILLER, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court