GPB Capital Holdings, LLC v Dibre

2026 NY Slip Op 03150

May 20, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

GPB Capital Holdings, LLC, et al., respondents- appellants,

v

Patrick Dibre, appellant-respondent.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 20, 2026

2022-00729, 2022-00765, (Index No. 606417/17)

Betsy Barros, J.P.

Barry E. Warhit

Carl J. Landicino

Laurence L. Love, JJ.

Harfenist Kraut & Perlstein LLP, Lake Success, NY (Steven J. Harfenist of counsel), for appellant-respondent.

Mayer Brown LLP, New York, NY (John M. Conlon of counsel), for respondents-appellants.

[*1]

DECISION & ORDER

In an action, inter alia, to recover damages for breach of contract, (1) the plaintiffs appeal from an order of the Supreme Court, Nassau County (Vito M. DeStefano, J.), entered January 21, 2022, and (2) the defendant appeals, and the plaintiffs cross-appeal, from an amended order of the same court entered January 26, 2022. The amended order, insofar as appealed from, granted those branches of the plaintiffs' motion which were pursuant to CPLR 3211(a) to dismiss the second, seventh, and eighth counterclaims. The amended order, insofar as cross-appealed from, denied those branches of the plaintiffs' motion which were pursuant to CPLR 3211(a) to dismiss the third, fourth, eleventh, and twelfth counterclaims. The notice of appeal of the defendant from the order is deemed to be a notice of appeal from the amended order (see id. § 5512[a]).

ORDERED that the appeal from the order is dismissed, without costs or disbursements, as the order was superseded by the amended order; and it is further,

ORDERED that the amended order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiffs' motion which was pursuant to CPLR 3211(a) to dismiss the second counterclaim, and adding thereto a provision deeming that branch of the motion to be for a declaratory judgment in the plaintiffs' favor on the second counterclaim, and thereupon granting that branch of the motion; as so modified, the amended order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, making the appropriate declaration in the plaintiffs' favor on the second counterclaim in accordance herewith.

The underlying facts of this action are summarized in our decision and order on a related appeal (see GPB Capital Holdings, LLC v Dibre, ___ AD3d ___ [Appellate Division Docket No. 2021-01957; decided herewith]). This action stems from a dispute involving certain written agreements entered into between the parties, including a master agreement and several asset sale agreements (hereinafter the 2016 sale agreements), whereby the plaintiffs agreed to purchase the assets of certain automotive dealerships owned by the defendant. As relevant here, the plaintiffs moved pursuant to CPLR 3211(a) to dismiss certain counterclaims asserted by the defendant. The [*2]defendant opposed the motion. In an amended order entered January 26, 2022, the Supreme Court, inter alia, granted those branches of the plaintiffs' motion which were to dismiss the second, seventh, and eighth counterclaims and denied those branches of the plaintiffs' motion which were to dismiss the third, fourth, eleventh, and twelfth counterclaims. The defendant appeals, and the plaintiffs cross-appeal.

"On a motion to dismiss a counterclaim based upon documentary evidence pursuant to CPLR 3211(a)(1), dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the counterclaim as a matter of law" (Yellow Book Sales & Distrib. Co., Inc. v Hillside Van Lines, Inc., 98 AD3d 663, 664; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). "In determining a motion to dismiss a counterclaim pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept the facts as alleged as true, accord the claimant the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Yellow Book Sales & Distrib. Co., Inc. v Hillside Van Lines, Inc., 98 AD3d at 664; see Twitchell Tech. Prods., LLC v Mechoshade Sys., LLC, 227 AD3d 45, 51).

The second counterclaim sought a judgment declaring that "if the 2016 [sale] [a]greements are still in effect . . . , [the parties] may not effectuate a sale of the . . . Dealerships to a third party." "[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (Greenfield v Philles Records, 98 NY2d 562, 569; see Ikezi v 82nd St. Academics, 221 AD3d 986, 987). Here, the documentary evidence submitted by the plaintiffs in support of their motion, including the master agreement and the 2016 sale agreements, which are to be construed as one integrated agreement (see GPB Capital Holdings, LLC v Dibre, ___ AD3d ___ [Appellate Division Docket No. 2021-01957; decided herewith]), established that since the sale of the subject dealerships to the plaintiffs did not close on or before April 30, 2017, the dealerships were to be listed for sale to a third party, with each sale subject to the plaintiffs' approval. Thus, the documentary evidence utterly refuted the defendant's factual allegations and conclusively established a defense as a matter of law to the second counterclaim.

Nevertheless, the Supreme Court improperly granted that branch of the plaintiffs' motion which was to dismiss the second counterclaim merely because the defendant was not entitled to the declaration he sought (see Lanza v Wagner, 11 NY2d 317, 334). Since the record before the court was sufficient to resolve all issues of fact with respect to the second counterclaim such that the rights of the parties can be determined as a matter of law (see Bronxville Scout Comm. v County of Westchester, 229 AD3d 753, 756; 11 King Ctr. Corp. v City of Middletown, 115 AD3d 785, 787), the court should have deemed that branch of the plaintiffs' motion which was to dismiss the second counterclaim to be for declaratory judgment in the plaintiffs' favor on that counterclaim, and thereupon granted that branch of the motion (see Matter of Gedney Assn., Inc. v Common Council of the City of White Plains, 209 AD3d 1019, 1022).

Contrary to the plaintiffs' contention, the Supreme Court properly denied dismissal of the fourth counterclaim, alleging breach of the implied covenant of good faith and fair dealing. The fourth counterclaim alleged, among other things, that the master agreement required the parties to exercise their best efforts to obtain approval from manufacturers for the sale of the subject dealerships to the plaintiffs and that the plaintiffs purposely failed to comply with their best-efforts obligations "in order that it result in a sale of the [subject] Dealerships to third parties." "The implied covenant of good faith and fair dealing embraces a pledge that neither party shall do anything that will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract and is breached when a party acts in a manner that deprives the other party of the benefits of the contract" (Frydman v Endurance Am. Ins. Co., 235 AD3d 848, 849; see Singh v City of New York, 189 AD3d 1697, 1700, affd, 40 NY3d 138). Here, accepting the facts as alleged as true, and according the defendant the benefit of every possible favorable inference, the fourth counterclaim sufficiently alleged that the plaintiffs sought to prevent performance of the agreements with the defendant or to withhold the benefits of those agreements from the defendant (see CPLR 3211[a][7]; Frydman v Endurance Am. Ins. Co., 235 AD3d at 849).

The parties' remaining contentions are without merit.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, making the appropriate declaration in favor of the plaintiffs on the second counterclaim in accordance herewith (see Lanza v Wagner, 11 NY2d at 334).

BARROS, J.P., WARHIT, LANDICINO and LOVE, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court